In the
United States Court of Appeals
For the Seventh Circuit

No. 00-3783

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

QUINCY T. COLLINS,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 99 CR 30124--David R. Herndon, Judge.

ARGUED NOVEMBER 2, 2001--DECIDED December 3, 2001


  Before POSNER, RIPPLE and EVANS, Circuit
Judges.

  RIPPLE, Circuit Judge.  Quincy T. Collins
was convicted of conspiracy to distribute
crack cocaine, 21 U.S.C. sec. 846, and of
distributing crack cocaine, 21 U.S.C.
sec. 841(a), in the Southern District of
Illinois. He was sentenced to 360 months
in prison. He appeals both his conviction
and his sentence. For the reasons set
forth in the following opinion, we affirm
the judgment of the district court.

I

A.  Facts

  On May 12, 1999, Richard Rudd sold crack
cocaine to a government informant. Drug
Enforcement Administration agents told
Rudd that they had evidence of his drug
dealing, and Rudd agreed to make a
controlled purchase of crack cocaine from
Lucresius Reed, Quincy Collins’
girlfriend. On July 1, DEA agents and
officers of the Alton, Illinois Police
Department prepared Rudd for the
controlled buy. They gave him $600 in
cash and fitted him with a surveillance
device. Rudd had arranged to meet Reed at
a local video rental store. In the
store’s parking lot, Mr. Collins sat in
the passenger seat of Reed’s car and sold
Rudd 13.5 grams of crack under the
watchful eye of law enforcement.

Mr. Collins and Reed had been living together and dealing drugs together over a thirteen-month period beginning in June 1998. Reed owned two homes, one where she lived and the other where she stored and dealt drugs. Mr. Collins and Reed worked together selling drugs. The relationship soured when the two had a fight over $1,500 in drug money. Reed pleaded guilty to three drug counts and agreed to cooperate in the government's prosecution of Mr. Collins. Brandon Singleton, who also had been in Reed's car at the video store, testified that he purchased approximately   ounce of crack from Mr. Collins on eight or nine occasions.

B.   Proceedings in the District Court

Mr. Collins was charged in a second superseding indictment with conspiracy to distribute crack cocaine (Count 1) and with distributing crack cocaine (Count 2). Before trial, the Government filed an information under 21 U.S.C. sec. 851 giving notice of its intention to seek enhanced penalties based on Mr. Collins' prior felony drug conviction. Although Mr. Collins did not respond to the filing of this information, he did file a motion to dismiss the indictment, alleging that 21 U.S.C. sec. 841(a)(1) was unconstitutionally vague. He also filed a motion in limine to preclude the Government from mentioning his prior convictions unless Mr. Collins testified in his own defense. The court denied the motion to dismiss, but granted the motion in limine. After a jury trial, Mr. Collins was found guilty on both counts.

At sentencing, Mr. Collins contended that, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), he was entitled to a new bifurcated trial. The first phase would determine guilt or innocence; the second would determine whether drug quantity and career offender status had been proven beyond a reasonable doubt. The defense admitted Mr. Collins' prior felony drug conviction; indeed, Mr. Collins admitted it on the stand during the sentencing hearing. The district court denied the motion for a new bifurcated trial and sentenced Mr. Collins to 360 months in prison.

II

A.

We first address whether Mr. Collins' sentence of 360 months' imprisonment violated the rule of Apprendi./1 Mr. Collins makes three arguments on this issue. He submits that Apprendi requires that his prior felony drug conviction, his status as a career offender and the drug quantity be proven beyond a reasonable doubt. The Government replies that Mr. Collins misreads Apprendi and that he waived his right to have the jury determine drug quantities when he stipulated that Government Exhibit 4 contained 13.5 grams of cocaine base-- crack cocaine.

1.

We cannot accept Mr. Collins' arguments with respect to the applicability of Apprendi to his prior conviction and career offender status. Apprendi establishes the general rule that any fact that will increase a defendant's sentence beyond the statutory maximum must be found beyond a reasonable doubt by the jury. See Apprendi, 530 U.S. at 490. However, in Apprendi, the Supreme Court carved out an exception to its general rule for evidence of prior convictions. See id. at 489-90. While the Court acknowledged that it was arguable that the logic of Apprendi applied to recidivism situations, it specifically declined to overrule Almendarez-Torres v. United States, 523 U.S. 224 (1998), which held that evidence of a prior conviction did not need to be submitted to a grand jury in order for heightened sentencing to apply. See Apprendi, 530 U.S. at 489-90. Consequently, we have held that evidence of a prior conviction that would increase the statutory maximum under sec. 841(b) need not be submitted to the jury. See Edwards v. United States, 266 F.3d 756, 759 (7th Cir. 2001); United States v. Booker, 260 F.3d 820, 822 (7th Cir. 2001). We see no reason to overrule this line of cases.

Apprendi is violated here only if Mr. Collins' sentence exceeds the statutory maximum permitted by the evidence proved beyond a reasonable doubt before the jury and by his prior conviction. See United States v. Skidmore, 254 F.3d 635, 642 (7th Cir. 2001); United States v. Brough, 243 F.3d 1078, 1079-80 (7th Cir. 2001).

Under 21 U.S.C. sec. 841(b)(1)(C), the default provision if no drug quantity is charged in the indictment, the maximum sentence for a convicted felon like Mr. Collins is thirty years, or 360 months, precisely the sentence he received here. His status as a career offender is determined by the applicable Sentencing Guidelines. Like other sentencing decisions made within the maximum sentence determined in accordance with Apprendi, Mr. Collins' status as a career offender need not be put before the jury nor proved beyond a reasonable doubt. It is not the district court's determination that Mr. Collins is a career offender under the Guidelines that raises the statutory maximum from twenty to thirty years under sec. 841(b)(1)(C), but his prior conviction. See United States v. Sanchez, 251 F.3d 598, 603 (7th Cir. 2001).

2.

Mr. Collins also argues that Apprendi requires that the drug quantity be established beyond a reasonable doubt. We have held that, as a general proposition, when drug quantity is not alleged in the indictment and proven beyond a reasonable doubt, a maximum sentence of twenty years may be imposed. See 21 U.S.C. sec. 841(b)(1)(C); United States v. Noble, 246 F.3d 946, 955 (7th Cir. 2001); Brough, 243 F.3d at 1079-80.

Several considerations make this precedent inapplicable to Mr. Collins' case. Here, Mr. Collins stipulated to the presence of 13.5 grams of crack cocaine in Government Exhibit 4. The Government undoubtedly tied Mr. Collins to the crack in Exhibit 4; Richard Rudd purchased it in the controlled buy outside the video store. Rudd and DEA Agent Harold Watson testified to the amount of crack Rudd bought there. Reed testified that Rudd purchased the crack from Mr. Collins while he sat in the parked car. In addition, Brandon Singleton testified that he purchased "eight balls" of crack, each consisting of three grams of crack worth about $150, from Quincy Collins on eight or nine occasions. Tr. Vol. II at 198-99. A conviction for any amount of crack over 5 grams carries with it a minimum sentence of five years and a maximum of 40 years. 21 U.S.C. sec. 841(b)(1)(B). Mr. Collins' 360-month sentence is within the 40-year maximum

sentence under that statutory provision.

B.

Mr. Collins next argues that 21 U.S.C. sec.sec. 841(a) and 846 are unconstitutionally void for vagueness. He submits that these provisions are void under the vagueness doctrine because the statute fails to define "knowingly or intentionally . . . to possess with intent to . . . distribute . . . a controlled substance." 21 U.S.C. sec. 841(a)(1). Further, he contends, 21 U.S.C. sec. 846 is constitutionally infirm because it does not define an "attempt or conspiracy" to violate sec. 841(a)(1)./2

"[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbi trary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357 (1983). "Unconstitutionally vague statutes pose two primary difficulties: (1) they fail to provide due notice so that 'ordinary people can understand what conduct is prohibited,' and (2) 'they encourage arbitrary and discriminatory enforcement.'" United States v. Cherry, 938 F.2d 748, 753 (7th Cir. 1991) (quoting Kolender, 461 U.S. at 357). "The second of these two aspects is more important than the first." United States v. Jackson, 935 F.2d 832, 838 (7th Cir. 1991). "Vagueness challenges to statutes not threatening First Amendment interests are examined in light of the facts of the case at hand; the statute is judged on an as-applied basis." Maynard v. Cartwright, 486 U.S. 356, 361 (1988). There is no First Amendment right at issue here, so Mr. Collins' constitutional challenge is "evaluated as the statute is applied to the facts of this case." Cherry, 938 F.2d at 753 (internal quotation omitted).

"The statute punishes only those who knowingly," engage in the prohibited conduct; "[t]his requirement of the presence of culpable intent as a necessary element of the offense does much to destroy any force in the argument" that sec. 841(a)(1) is too vague to be constitutionally enforceable. Boyce Motor Lines v. United States, 342

U.S. 337, 342 (1952). Given this scienter provision, Mr. Collins "bears an especially heavy burden in raising his vagueness challenge," Cherry, 938 F.2d at 753, as "the Court has recognized that scienter requirements may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed," Vill. of Hoffman Estates v. The Flipside, Hoffman Estates, Inc., 455 U.S. 489, 499 (1982). Such requirements diminish the likelihood of unfair enforcement. See Jackson, 935 F.2d at 839.

As applied to Mr. Collins, Section 841 cannot be characterized as in any way vague. The statute's "absolute prohibition against the manufacture, use and possession of controlled substances provides an explicit warning against dealing with any quantity." United States v. Campbell, 61 F.3d 976, 980 n.4 (1st Cir. 1995) (emphasis in original). The Government was required to prove that he had entered into an agreement to distribute "cocaine base." The indictment specifically defined this latter term as the substance "commonly known as 'crack' cocaine." R.1, Ex.61. The presence of the requirement that Mr. Collins undertake this activity "knowingly and intentionally" ensured that he would be convicted only if he deliberately agreed to undertake this activity.

Under these circumstances, we hardly can conclude that Mr. Collins was not put on explicit notice as to the nature of the proscribed activity. Nor can we say that the statute, as applied to the charged activities, had such a broad sweep as to permit "policemen, prosecutors, and juries to pursue their personal predilections." Smith v. Gogen, 415 U.S. 566, 575 (1974). There is no lack of clarity in the word "distribution" that would give law enforcement officials discretion to pull within the statute activities not within Congress' intent. Further, this case is not based on circumstantial evidence. The Government had direct evidence, in the form of the controlled buy at the movie store and the testimony of Brandon Singleton, that Mr. Collins sold drugs. There can be little doubt that the sale of drugs comes within the meaning of "distribution." As applied to Mr. Collins' case, there is no

vagueness problem here.

Conclusion

   For the foregoing reasons, the judgment
of the district court is affirmed.

AFFIRMED

FOOTNOTES

/1 Mr. Collins also argues that his criminal history
calculation grossly overstates the severity of
that history. We have no jurisdiction to review
the district court's discretionary decision not
to depart downward from the sentence mandated by
the applicable guideline range. See United States
v. Williams, 202 F.3d 959, 964 (7th Cir. 2000).

/2 This is a novel argument. Most vagueness chal-
lenges to this statute have attacked the in-
creased penalties for crack as opposed to pow-
dered cocaine. See, e.g., United States v. Avant,
907 F.2d 623 (6th Cir. 1990); United States v.
Brown, 859 F.2d 974 (D.C. Cir. 1988). We also
note that a panel of the Ninth Circuit has
declared this provision unconstitutional, albeit
on a different ground than that urged here.
United States v. Buckland, 259 F.3d 1157, 1165-66
(9th Cir. 2001), reh'g en banc granted, 265 F.3d
1085 (9th Cir. 2001). The Ninth Circuit, specifi-
cally disagreeing with this court's decision in
United States v. Brough, 243 F.3d 1078 (7th Cir.
2001), held that sec. 841(b) is a sentencing
provision that permits sentences to be imposed
beyond the statutory maximum without a jury
finding beyond a reasonable doubt and is, there-
fore, unconstitutional under Apprendi.