UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose de Jesus VIDRIO, Defendant–
Appellant.

No. 01–1736.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 26, 2001.

Decided Dec. 20, 2001.

Before POSNER, MANION, and
DIANE P. WOOD, Circuit Judges.

ORDER

Jose Vidrio was convicted of attempting
to possess, with intent to distribute, mari-
juana in violation of 21 U.S.C. §§ 841(a),
846. The district court sentenced him to
121 months in prison. Vidrio appeals his

sentence, arguing that it does not comply with *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We affirm.

## I.

On June 13, 2000, a grand jury returned a two-count indictment against Jose Vidrio. Count 1 charged Vidrio and two co-defendants, Gerardo Resendez and Nicolas Moreno, with conspiracy to possess, with intent to distribute, over 500 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846. Count 2 charged Vidrio with attempting to possess, with intent to distribute, over 500 kilograms of marijuana in violation of §§ 841(a)(1), 846. Resendez and Moreno pleaded guilty to Count 1, and agreed to testify for the government in the prosecution of Vidrio's case. On September 12, 2000, the grand jury returned a two-count superseding indictment against Vidrio, charging him with conspiracy to possess, with intent to distribute, over 1,000 kilograms of marijuana (Count 1), and with attempting to possess, with intent to distribute, over 1,000 kilograms of marijuana (Count 2).

Vidrio's trial commenced on September 25, 2000. During the jury instruction conference, Vidrio's counsel objected to the government's proffered instructions, arguing that drug quantity was not an issue for the jury's determination. This objection resulted in the following colloquy between the government's lawyers (collectively referred to as "AUSA"), defense counsel ("Mejia"), and the district court, concerning the applicability of *Apprendi* to the withdrawal of the government's jury instructions regarding drug quantity:

    MEJIA: I have an objection to the verdict form as presented with respect to weight.

    COURT: What is your objection?

    MEJIA: That the quantity is not an element of the offense that the jury need render verdict in this case.

    COURT: All right. You would rather I withdraw that from the jury's consideration.

    MEJIA: Yes, Sir.

    AUSA: I guess if we can have an agreement from the defense that, in the future, there will be no argument that weight is an element of the offense, then -

    AUSA: Or that weight does not need to be determined by the jury.

    AUSA: If he's prepared to make that concession now, I think that will cover everything.

    MEJIA: I'm not going to argue weight.

    COURT: Do you agree it is not an element for the jury's consideration?

    MEJIA: I agree with that.

    COURT: All right.

    MEJIA: I will, however, argue strenuously as to his truth with respect to whether there were two loads or three, and that—and I intend to do that at length.

    COURT: You can argue that until you are blue in the face.

    MEJIA: But I will not argue the differential between greater than or less than a thousand kilos and what the evidence is if there's a doubt of the-

    COURT: You will not argue that—you are not going to argue that there is any jury question on the matter of weight, right?

    MEJIA: I will not argue that at all.

    COURT: You are going to argue -

    MEJIA: I will not mention weight.

    COURT: Pardon?

    MEJIA: I will not mention weight in any way.

COURT: And you will legally agree that [sic] that is not an element for the jury to decide?

MEJIA: I agree with that. That's my position.

AUSA: Your honor, as I understand *Apprendi,* the phrasing that I'd like to hear from Mr. Mejia is that he will not argue at sentencing that the fact that the jury did not determine the weight is a matter [sic] and that he's willing to leave to your Honor at sentencing an ultimate determination of the weight that will apply to Mr. Vidrio's conduct.

COURT: Well, that is the only way it could come out. I mean, if somebody has to determine weight-let us assume he is found guilty and someone has to determine weight. And if Mr. Mejia agrees that it is not a jury function or an element of the offense, then it is going to be left to me one way or another. I mean, there is not any other way it can slice.

MEJIA: Absolutely.

COURT: Right?

MEJIA: That's absolutely the truth.

COURT: That is the understanding, then.

MEJIA: Yes.

R93, pt.3, 342–44.

On the understanding that if the defendant was found guilty the judge, not the jury, would determine the amount of marijuana, the government tendered three general verdict forms to the court, giving the jury the option of finding Vidrio: (1) guilty on both counts; (2) not guilty on both counts; or (3) guilty of one count and not guilty of the other count. Per defense counsel's request, the jury was not instructed to make a finding regarding drug quantity on either count of the superseding indictment. During jury deliberations, the jury twice raised questions about drug quantity, and each time the district court, with the agreement of the parties, informed the jury that the specific quantity of marijuana involved was not an issue for its consideration or determination. The jury ultimately found Vidrio guilty of attempting to possess, with intent to distribute, marijuana (Count 2), but could not reach a unanimous verdict on the conspiracy charge (Count 1).[1]

Prior to sentencing, a probation officer prepared a presentence investigation report recommending that Vidrio be held accountable for attempting to possess, with intent to distribute, between 1,000 and 3,000 kilograms of marijuana. The probation officer arrived at this figure by using the weight of the marijuana load involved in the count of conviction (561 kilograms[2]), as well as the two other loads of marijuana involved in Count 1, which she considered as relevant conduct for purposes of sentencing.[3] Vidrio filed a memorandum objecting to the probation officer's Sentencing Guideline calculations, arguing that: (1) the government forfeited its right to seek an enhanced sentence against him by failing to submit jury instructions regarding drug quantity, and (2) if he was to be held accountable for any specific drug quantity, it could only be the 561 kilograms of marijuana that he stipulated to for the count of conviction. The district

---

1. The government subsequently *nolle prosequi* (i.e. abandoned) the conspiracy charge against Vidrio.

2. Vidrio stipulated that the amount of marijuana seized from Resendez and Moreno at the time of their arrest was 561 kilograms.

3. After being indicted. Resendez testified, during his proffer to the government, that the two prior deliveries of marijuana were roughly equal to the marijuana load of 561 kilograms recovered at the time of his arrest.

court rejected these arguments, finding that Vidrio: (1) waived the issue of drug quantity at the jury instruction conference, and (2) agreed to allow the court to decide the issue of drug quantity at sentencing. The district court then accepted the probation officer's recommendation, and sentenced Vidrio to 121 months in prison. Vidrio appeals.

## II.

■ If, as here, the quantity of drugs involved in any particular case has the effect of increasing the statutory maximum term of imprisonment, the issue "must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See also United States v. Nance*, 236 F.3d 820, 824 (7th Cir.2000). A defendant may, however, waive his right to have the jury consider the issue of drug quantity. *See United States v. Collins*, 272 F.3d 984, 2001 WL 1525829, *2–3 (7th Cir. December 3, 2001) (defendant waived his right to a jury determination on drug quantity by stipulating to amount of crack cocaine involved in case); *see also United States v. Sanchez*, 269 F.3d 1250, 1271 (11th Cir.2001) (noting that "usually ... by entering a guilty plea and ultimately stipulating to or not contesting drug quantity, defendants thereby waive the right to appeal on the basis of *Apprendi*."). Waiver occurs when a defendant intentionally relinquishes a known right. *United States v. Staples*, 202 F.3d 992, 995 (7th Cir.2000), and "'[o]ne who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error.'" *United States v. Griffin*, 84 F.3d 912, 924 (7th Cir.1996) (citation omitteed)).

On appeal, Vidrio argues that the district court sentenced him in violation of *Apprendi* because the jury was not instructed on weight or quantity of marijuana, and, therefore, did not render a verdict on the drug quantity involved in the count of conviction. Without a jury determination on the issue of drug quantity, he contends that the district court was only permitted to sentence him to a maximum of five years in prison. *See* 21 U.S.C. § 841(b)(1)(D) (the default statutory maximum sentence for possession of an unspecified amount of marijuana).

■ We reject this argument, and conclude that Vidrio is precluded from challenging his sentence on the basis of *Apprendi*. The defendant, through counsel, unequivocally waived his right to a jury determination of drug quantity for either count of the superseding indictment. Instead, he agreed to leave the issue entirely to the discretion of the district court at sentencing.[4] The government submitted jury instructions requesting a determination on drug quantity, and Vidrio's counsel objected to them. But for this objection, the issue of drug quantity would have been submitted to the jury for its consideration. Vidrio's suggestion that the government forfeited its right to seek an enhanced sentence against him is baffling. The defendant is apparently of the opinion that the government was legally required to insist that its original jury instructions be submitted to the jury, notwithstanding his counsel's unequivocal representation that he wanted the issue of drug quantity to be determined by the court. This makes no sense. The government only agreed to allow the court to withdraw its original jury instructions after defense counsel agreed to leave to the court "at sentencing

---

4. Defense counsel admitted this at the sentencing hearing, stating "I do agree with you that I left this decision to you," and "I asked" that it be placed to you. We agreed to that." Gov. Br.App. No. 2, 5.

an ultimate determination of the weight that will apply to Mr. Vidrio's conduct." The above-referenced excerpts from the jury instruction conference make it abundantly clear that both the judge and defense counsel understood this to be the obvious *quid pro quo* for such a withdrawal. There is nothing in the record to substantiate Vidrio's claim that his waiver was anything but absolute. Furthermore, Vidrio's stipulation that the amount of marijuana involved in the count of conviction was 561 kilograms obviated the need for a jury determination on this issue. *See Collins,* 272 F.3d 984, 987–88; *see also United States v. Poulack,* 236 F.3d 932, 938 (8th Cir.2001) (holding that defendant's stipulation to drug quantity constitutes a waiver of a jury determination on that issue).

▇ Vidrio argues that even if he waived his right to have a jury determine the quantity of marijuana involved in his case, the district court violated *Apprendi* at sentencing by considering, as relevant conduct, any drug quantity in excess of the 561 kilograms he stipulated to for the count of conviction. We disagree. If the sentence does not exceed the statutory maximum penalty for a crime, the holding of *Apprendi* is not implicated. *See, e.g., United States v. Robinson,* 250 F.3d 527, 529 (7th Cir.2001); *United States v. Behrman,* 235 F.3d 1049, 1054 (7th Cir.2000). Vidrio was convicted of attempting to possess, with intent to distribute, marijuana. He stipulated that the drug quantity involved in the count of conviction was 561 kilograms. A person convicted of attempting to possess, with intent to distribute, 100 kilograms *or more* of marijuana may be sentenced from 5 to 40 years for such an offense. *See* 21 U.S.C. § 841(b)(1)(B)(vii). While it is true that

the district court concluded that Vidrio should be held responsible for attempting to possess, with intent to distribute, over 1,000 kilograms of marijuana, and that this finding theoretically exposed him to the possibility of a life sentence,[5] the fact remains that he was sentenced to only 121 months in prison (i.e., 10 years and 1 month). Because this sentence falls within the statutory range mandated by Vidrio's stipulation. *Apprendi* is inapplicable in this case. *See, e.g., Robinson,* 250 F.3d at 529.

### III.

For the foregoing reasons, we conclude that the sentence imposed by the district court did not violate the rule announced by the Supreme Court in *Apprendi.* We therefore AFFIRM the decision of the district court.

---

**5.** Section § 841(b)(1)(A)(vii) provides that an individual convicted of possessing, with the intent to distribute, "1000 kilograms or more" of marijuana "shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life."