UNITED STATES of America,
Plaintiff–Appellee,

v.

Carlos CISNEROS–MALDONADO,
Defendant–Appellant.

No. 02–3126.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 24, 2003.

Decided Feb. 26, 2003.

Before BAUER, CUDAHY, and KANNE, Circuit Judges.

## ORDER

Carlos Cisneros–Maldonado, a Mexican citizen, pleaded guilty to being present in the United States without permission after having been deported, in violation of 8 U.S.C. § 1326. Maldonado was deported in June 2000 after serving prison time for a burglary he committed in Wisconsin in 1992. Only a few months after his deportation, Milwaukee police again arrested Maldonado for burglary and notified the INS that he was in prison. When an INS official met with Maldonado at Prarie du Chien Correctional Institution, Maldonado admitted his identity and citizenship and acknowledged that he did not have any documents giving him permission to return to the United States.

In November 2002 the district court sentenced Maldonado to 70 months imprisonment to be served concurrently with the state term he was already serving for the recent burglary conviction. The district court also imposed a three-year term of supervised release and a $100 special assessment. Maldonado appeals, but his appellate counsel moves to withdraw pursuant to *Anders v. California*, 386 U.S. 738,

87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he cannot discern any nonfrivolous issue for appeal. Maldonado was notified of his counsel's motion, *see* Cir. R. 51(b), but he has not responded. Therefore, we limit our review to the potential issues identified in counsel's facially adequate *Anders* brief. *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997). Because we agree that the potential issues counsel discusses are frivolous, we grant counsel's motion to withdraw and dismiss the appeal.

Counsel first considers whether Maldonado could argue that his guilty plea should be set aside because of noncompliance with Federal Rule of Criminal Procedure 11. Because he never moved to withdraw his guilty plea in the district court, we would review this argument for plain error. *See United States v. Vonn*, 535 U.S. 55, 122 S.Ct. 1043, 1048, 152 L.Ed.2d 90 (2002); *United States v. Martinez*, 289 F.3d 1023, 1029 (7th Cir.2002). Counsel tells us that Maldonado wishes to have his guilty plea set aside, but he does not tell us why. Nevertheless, we would uphold the guilty plea unless Maldonado can identify an independent reason why he should not have been convicted to show that any Rule 11 violation resulted in a miscarriage of justice. *See United States v. Driver*, 242 F.3d 767, 771 (7th Cir.2001).

Here counsel notes that the district court properly explained the nature of the charge, the possible penalties, and the application of the sentencing guidelines, Fed. R.Crim.P. 11(c)(1), and discussed the rights Maldonado would waive by pleading guilty, including the right to a jury trial, to confront and cross-examine witnesses, and to testify on his own behalf, *id.* at 11(c)(3), 11(c)(4). As counsel points out, the district court also verified that Maldonado pleaded guilty voluntarily, that he was not forced or coerced into pleading guilty, and that he had sufficient time to discuss with his at-

torney the consequences of pleading guilty. *Id.* at 11(d). Additionally, counsel observes that the district court insured that there was a sufficient factual basis for the plea. *Id.* at 11(f). We recognize that the district court did not explain to Maldonado the effect of a term of supervised release, *see* Rule 11(c)(1), but that omission was not plain error because the combined total of imprisonment and supervised release–106 months–is less than the 20–year statutory maximum term of imprisonment he was admonished about during the plea colloquy, *see United States v. Schuh,* 289 F.3d 968, 975 (7th Cir.2002). Maldonado stated that he understood all of the district court's statements, and we presume his responses to be truthful. *See United States v. Standiford,* 148 F.3d 864, 868–69 (7th Cir.1998). Accordingly, we agree with counsel that any challenge to Maldonado's guilty plea would be frivolous.

 Counsel next examines whether Maldonado could challenge his prison and supervised release terms, concluding that any such challenge would be frivolous. At sentencing, the court asked both Maldonado and his attorney whether they had any objections to the presentence report. By agreeing that they had none, Maldonado has waived his right to appeal the determination of his guideline range. *See United States v. Staples,* 202 F.3d 992, 995 (7th Cir.2000). Further, Maldonado cannot challenge the court's refusal to grant a downward departure. Maldonado's trial counsel argued that the district court should depart downward because: (1) Maldonado's criminal history category over-represented his criminal history; (2) his mental retardation qualified as diminished capacity; and (3) the totality of the circumstances–his mild mental retardation, history of suicide attempts, childhood history of substance abuse, and abandonment by his parents from age nine to thirteen–required a downward departure. Although these could be permissible bases to depart, *see*

*United States v. Collins,* 272 F.3d 984, 987 n. 1 (7th Cir.2001) (over-representation of criminal history); *United States v. Cravens,* 275 F.3d 637, 640 (7th Cir.2001) (diminished mental capacity); *United States v. Bautista,* 258 F.3d 602, 608 (7th Cir. 2001) (extraordinary emotional conditions), counsel correctly points out that a district court's decision to deny a downward departure is not subject to review unless it appears that the court misunderstood or misapplied the law, *see United States v. Johnson,* 289 F.3d 1034, 1043 (7th Cir. 2002). The district court recognized its discretion to depart and considered Maldonado's arguments but refused to grant a downward departure. Thus, we agree that any challenge to the district court's application of the sentencing guidelines would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.