**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Sergio GUTIERREZ, Defendant–Appellant.**

No. 01–1938.

United States Court of Appeals, Seventh Circuit.

Argued April 23, 2003.

Decided April 25, 2003.

Before BAUER, MANION, and DIANE P. WOOD, Circuit Judges.

ORDER

Sergio Gutierrez pleaded guilty to conspiracy to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1); as part of his plea agreement, the government dismissed several related charges. The district court imposed a 262–month sentence of imprisonment, to be followed by five years of supervised release, along with a fine of $200 and the normal special assessment of $100. Thinking better of things, Gutierrez filed a notice of appeal (which was late, but which was later saved by the district court's decision to grant his motion for an extension of time). Initially, he raised two issues for this court's consideration: first, that his trial counsel had provided ineffective assistance by failing to remind the district court of a pending request for a downward departure in sentencing; and second, that his sentence was imposed in violation of *Apprendi v. New*

*Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In his reply brief, however, Gutierrez notified this court that he wished to withdraw the ineffective assistance argument, so that he could preserve it for a possible future collateral attack. As we have often noted, *see United States v. Rezin,* 322 F.3d 443, 445 (7th Cir.2003); *United States v. Schuh,* 289 F.3d 968, 976 (7th Cir.2002); *United States v. Farr,* 297 F.3d 651, 657 (7th Cir.2002), this is by far the wiser course, because information outside the trial record is almost always necessary to evaluate such a claim. We therefore grant Gutierrez's request, and proceed to the *Apprendi* argument.

The essence of Gutierrez's *Apprendi* argument rests on the fact that the indictment taken as a whole mentioned only 53 kilograms of cocaine, but the prosecution proved by a preponderance of the evidence at the sentencing hearing that more than 150 kilograms should be attributed to him. He also argued that his offense level should not have been increased by two under section 2D1.1(b)(1) of the United States Sentencing Guidelines, which authorizes such an increase when the defendant possessed a dangerous weapon during the commission of the offense (a fact that appeared nowhere in the indictment). Both his drug quantity argument and his weapons enhancement argument, however, can affect only the determination of the appropriate guideline range applicable to his offense. The indictment properly charged, and he admitted in his guilty plea, that he possessed with intent to distribute more than five kilograms of cocaine, which was enough to subject him to a *statutory* maximum sentence of life in prison. See 21 U.S.C. § 841(b)(1)(A)(ii)(II). This court has made clear on a number of occasions that *Apprendi* applies only to the statutory maximum, not to the guideline range. See *United States v. Collins,* 272 F.3d 984, 987 (7th Cir.2001), *cert. denied,* 535 U.S. 1067,

122 S.Ct. 1938, 152 L.Ed.2d 842 (2002); *United States v. Behrman,* 235 F.3d 1049, 1054 (7th Cir.2000); *Talbott v. Indiana,* 226 F.3d 866, 869 (7th Cir.2000).

Gutierrez's counsel in this court commendably has acknowledged this line of cases, and he assured the court that he has raised the *Apprendi* argument for the purpose of preserving his client's rights in the future, should the Supreme Court conclude that the logic of *Apprendi* indeed should be extended to guideline determinations. That is his right. To the extent he may also be asking us to revisit this issue, however, we respectfully decline. Under the established law of this circuit, neither the calculation of the drug quantity on which Gutierrez's sentence was based nor the imposition of the firearms enhancement was subject to the rules set forth in *Apprendi.*

We therefore AFFIRM Gutierrez's sentence.