NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 26, 2013
Decided November 26, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-1284

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> v. <br><br> STEPHEN H. HOOD, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. <br><br> No. 2:06CR00008-21 <br><br> Larry J. McKinney, <br> *Judge*. |

**O R D E R**

Stephen Hood and 25 others were charged with conspiracy to distribute methamphetamine during 2005 and 2006. *See* 21 U.S.C. §§ 846, 841(a)(1). Hood pleaded guilty. The indictment alleges—and Hood admitted during his plea colloquy—that the conspiracy involved at least 500 grams of a mixture containing methamphetamine; that quantity was enough to subject Hood to a prison term of 10 years to life. *See id.* § 841(b)(1)(A)(vii). The actual drug quantity, however, was closer to 90 kilograms which yielded a guidelines imprisonment range of 292 to 365 months. The district court sentenced Hood to 360 months' imprisonment and 5 years' supervised release. No fine was imposed.

Hood was sentenced in 2008. He instructed his appointed lawyer to file a notice of appeal, but counsel told Hood that an appeal would be fruitless and disregarded the defendant's directive. Hood later filed a motion claiming that counsel had rendered ineffective assistance by not filing a notice of appeal. *See* 28 U.S.C. § 2255; *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The district court granted that motion and, in January 2013, reentered the judgment of conviction to restart the time for Hood to file his direct appeal. Hood then filed a notice of appeal, but his new counsel asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Hood has not accepted our invitation to respond to the appointed lawyer's motion. *See* CIR. R. 51(b). We limit our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973 (7th Cir. 2002).

Counsel is uncertain whether Hood wants to challenge his guilty plea, but this ambiguity is immaterial because the lawyer's discussion of the plea colloquy along with our own review of the record convince us that an appellate claim would be frivolous. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). Counsel recognizes that the plea colloquy had several shortcomings: The district court neglected to inform Hood that restitution or forfeiture could be ordered, FED. R. CRIM. P. 11(b)(1)(J), (K), that his statements under oath during the colloquy could be used against him in a prosecution for perjury, FED. R. CRIM. P. 11(b)(1)(A), and that he had the right to testify and present evidence at trial, FED. R. CRIM. P. 11(b)(1)(E). Hood never moved to withdraw his guilty plea on the basis of these omissions, and thus our review would be limited to plain error. *See United States v. Vonn*, 535 U.S. 55, 62–63 (2002); *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). The court did not order restitution or forfeiture, but had admonished that Hood could be fined up to $4 million, so the court's silence about the other financial penalties was harmless. *See United States v. Fox*, 941 F.2d 480, 484 (7th Cir. 1994). The same is true of the judge's failure to address the consequences of perjury because no perjury prosecution is pending or contemplated. *See United States v. Blalock*, 321 F.3d 686, 689 (7th Cir. 2003); *United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996). Finally, although the court did not inform Hood of his right to testify, there was ample evidence of his guilt, the right to testify is commonly known to defendants, and Hood could infer his right to testify because he was told that he could present witnesses at trial. *See Davenport*, 719 F.3d at 618.

Counsel also considers whether Hood could raise an appellate claim premised on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which holds that facts supporting an enhanced statutory minimum penalty (other than for recidivism) generally must be alleged in the indictment and found by a jury beyond a reasonable doubt. *See id.* at 2155,

2163; *United States v. Claybrooks*, 729 F.3d 699, 707–08 (7th Cir. 2013). But Hood's prison term is *three times* the length of the statutory minimum, *see* 21 U.S.C. § 841(b)(1)(A)(vii), so that threshold obviously did not dictate his sentence, making *Alleyne* irrelevant. The potential appellate claim, then, concerns not the statutory minimum but the increase in the *maximum* from 20 years' imprisonment (the default maximum for a methamphetamine conspiracy) to life. *See id.* § 841(b)(1)(C); *United States v. Adkins*, 274 F.3d 444, 454 (7th Cir. 2001). And that potential claim would be frivolous because drug type and quantity are alleged in the indictment, Hood waived his right to a jury determination by pleading guilty, and his admissions concerning type and quantity during the plea colloquy satisfied the government's evidentiary burden. *See United States v. Warneke*, 310 F.3d 542, 550 (7th Cir. 2002) ("An admission is even better than a jury's finding beyond a reasonable doubt; it removes all contest from the case."); *United States v. Collins*, 272 F.3d 984, 987–88 (7th Cir. 2001) (noting that defendant waived right to jury determination of drug quantity by stipulating to amount of crack cocaine).

Counsel next questions whether Hood could argue that his prison sentence is unreasonable but concludes that this potential challenge also would be frivolous. A sentence within a properly calculated guidelines range is presumed to be reasonable. *Rita v. United States*, 551 U.S. 338, 350–51 (2007); *United States v. Vizcarra*, 668 F.3d 516, 527 (7th Cir. 2012). The district judge decided on the 360-month sentence after considering Hood's arguments in mitigation and evaluating the factors in 18 U.S.C. § 3553(a); the judge noted that Hood had prior convictions for burglary and arson, that the distribution conspiracy he helped run was vast, and that he had recruited a number of people to join that operation. Counsel has not identified any reason to set aside the presumption of reasonableness, and neither have we.

Counsel last remarks that she has not identified any basis in the record to conclude that Hood's former lawyer was deficient (beyond failing to file a notice of appeal). She correctly suggests that, if Hood has reason to complain about the lawyer's performance on a ground not apparent in the record, he should do so on collateral review. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005); *Shepeck v. United States*, 150 F.3d 800, 801 (7th Cir. 1998).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.