NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 17, 2014
Decided January 17, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 13-1294

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 10 CR 613-2 |
| CARLOS D. VIGNERI, *Defendant-Appellant.* | Suzanne B. Conlon, *Judge.* |

## O R D E R

Carlos Vigneri pleaded guilty to conspiring to possess with intent to distribute cocaine and distributing cocaine, *see* 21 U.S.C. §§ 841(a)(1), 846, and was sentenced to 120 months' imprisonment. While his case was on appeal, the Supreme Court held that the Fair Sentencing Act of 2010 applies to all defendants sentenced after its enactment. *See Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012). In light of *Dorsey*, we vacated Vigneri's sentence and remanded his case for resentencing; he was resentenced within the guidelines range to 97 months. He again appeals, and his appointed appellate counsel now seeks to withdraw on the ground that all potential appellate claims are

frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967). Vigneri did not respond to our invitation to comment on counsel's motion. *See* CIR. R. 51(b). We limit our review to the potential issues discussed in counsel's facially adequate submission. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel first considers whether Vigneri could challenge his conviction in this appeal but properly concludes that any such challenge would be frivolous. In his earlier appeal, he argued only that the FSA applies to him, so any potential arguments that he could have made about his conviction were unaffected by the remand and thus waived. *See United States v. Longstreet*, 669 F.3d 834, 838 (7th Cir. 2012); *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996).

Counsel also identifies three potential sentencing issues, starting with whether Vigneri might argue, based on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), that he should not have been subject to a statutory minimum prison term of five years. In *Alleyne*, the Supreme Court held that any fact that increases the defendant's statutory minimum sentence ordinarily must be submitted to a jury for determination. *Id.* at 2155. Counsel rightly determines, however, that Vigneri waived his right to a jury determination by pleading guilty and confessing to a conspiracy that involved more than the 28 grams of crack required to trigger a minimum 60 months' imprisonment. *See* 21 U.S.C. § 841(b)(1)(B)(iii); *United States v. Warneke*, 310 F.3d 542, 550 (7th Cir. 2002); *United States v. Collins*, 272 F.3d 984, 987–88 (7th Cir. 2001).

Counsel next discusses whether Vigneri could challenge the district court's calculation of his guidelines range and properly concludes that the argument would be frivolous. As counsel notes, Vigneri's range was unaffected by the remand, and he did not object at sentencing to the guidelines calculation. *See United States v. Jones*, 635 F.3d 909, 915 n.6 (7th Cir. 2011); *United States v. Brodie*, 507 F.3d 527, 531 (7th Cir. 2007).

Counsel also discusses a potential challenge to the reasonableness of Vigneri's new sentence, correctly determining that such a challenge would be frivolous. As counsel notes, the district court considered the sentencing factors under 18 U.S.C. § 3553(a), including both the seriousness of the offense and Vigneri's efforts at rehabilitation. We would presume that the within-guidelines sentence is reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Smith*, 721 F.3d 904, 906 (7th Cir. 2013), and counsel identifies nothing that would rebut that presumption.

Finally, counsel assesses and properly rejects a potential challenge to the denial of Vigneri's motion to reconsider based on an "unwarranted sentence disparity" with a codefendant who received a sentence that is 10 months shorter. *See* 18 U.S.C. § 3553(a)(6). The purpose of § 3553(a)(6) is to avoid disparities among judges or districts, not two codefendants. *United States v. Grigsby*, 692 F.3d 778, 792 (7th Cir. 2012); *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006). A within-guidelines sentence "'necessarily' complies with § 3553(a)(6)." *United States v. Bartlett*, 567 F.3d 901, 908 (7th Cir. 2009) (quoting *United States v. Gall*, 552 U.S. 38, 54 (2007)); *see Grigsby,* 692 F.3d at 792. And in any event, the court properly justified Vigneri's longer sentence on grounds that he participated in more drug deals and had threatened the confidential informant more directly and explicitly than his codefendant did.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.