NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 7, 2014
Decided May 7, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 13-2534

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 11 CR 639-1 |
| GERARDO HERNANDEZ, *Defendant-Appellant*. | Charles R. Norgle, *Judge*. |

### O R D E R

Gerardo Hernandez obtained heroin from Mexico and supplied it to a distributer in Chicago. He was charged with conspiring to possess heroin with intent to distribute, 21 U.S.C. §§ 846, 841(a)(1), distributing heroin, *id.* § 841(a)(1), and using a telephone to facilitate a felony drug crime, *id.* § 843(b). He pleaded guilty to the conspiracy count, and the government—without any agreement, according to the parties—dropped the remaining charges as well as a forfeiture count. The indictment alleges, and Hernandez admitted during the plea colloquy, that the conspiracy had involved at least 1 kilogram of a mixture containing heroin. That quantity was enough to mandate a sentence of no less than 10 years, *see id.* § 841(b)(1)(A)(i), which is what the district court imposed.

Hernandez filed a notice of appeal, but his lawyer asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). We invited Hernandez to comment on counsel's motion, *see* CIR. R. 51(b), but he has not responded. Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel has discussed. *See United States v. Bey*, --- F.3d ---, 2014 WL 1389090, at *2 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

In compliance with our directive in *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012), and *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002), counsel has asked Hernandez if he wants to challenge his guilty plea. Counsel notes that Hernandez "declined" to answer this inquiry, so the lawyer proceeds to discuss the adequacy of the plea colloquy. Given Hernandez's silence, this was the prudent course. At all events, we agree with Hernandez's lawyer—despite counsel's failure to notice several shortcomings in the plea colloquy—that any appellate claim challenging the plea would be frivolous.

The district court neglected to tell Hernandez that his statements made under oath during the plea colloquy could be used against him in a prosecution for perjury. *See* FED. R. CRIM. P. 11(b)(1)(A). The court also neglected to ensure that Hernandez understood the conspiracy charge, warn him about possibly having to pay restitution, or tell him that the sentencing guidelines must be applied and considered along with other applicable factors. *See* FED. R. CRIM. P. 11(b)(1)(G), (K), (M). But Hernandez never moved to withdraw his guilty plea on the basis of these omissions or any other ground, and thus our review would be limited to plain error. *See United States v. Vonn*, 535 U.S. 55, 62–63 (2002); *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). The judge's failure to caution Hernandez about the consequences of perjury could not have been plain error because no perjury prosecution is pending or contemplated. *See United States v. Blalock*, 321 F.3d 686, 689 (7th Cir. 2003); *United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996). And though the judge did not explain the conspiracy charge, neither could this omission have been plain error because giving the defendant a copy of the indictment typically raises "the presumption that the defendant was informed of the nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998). Furthermore, not mentioning restitution was inconsequential because the judge did not impose a fine, and thus, as is evident in hindsight, restitution was not authorized for this drug prosecution. *See* 18 U.S.C. § 3663(a)(1)(A) (authorizing "community restitution" in drug prosecutions if there is no identifiable victim); *United States v.*

*Mansoori*, 304 F.3d 635, 677 (7th Cir. 2002) (explaining that community restitution cannot be imposed unless defendant also is fined). Finally, the court's failure to discuss the role of the guidelines and other factors in 18 U.S.C. § 3553(a) likewise was immaterial because Hernandez received the statutory minimum terms of incarceration and supervised release. *See* 21 U.S.C. § 841(b)(1)(A)(i).

Counsel also considers whether Hernandez could challenge the district court's conclusion that he was ineligible for the "safety valve," which allows a sentence below the statutory minimum for certain nonviolent drug offenses. *See* 18 U.S.C. § 3553(f). To qualify for the safety valve, a defendant must (among other things) make a "good faith effort" to provide the government all relevant information. *See United States v. Corson*, 579 F.3d 804, 814 (7th Cir. 2009). Hernandez twice proffered information to the government, but both meetings were cut short when the government concluded that Hernandez was lying about his role in the conspiracy. At the sentencing hearing, Hernandez's lawyer conceded that the requirements of the safety valve, *see* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a), had not been satisfied. Moreover, by lying during his two meetings with the government, Hernandez already had forfeited his eligibility for this relief from the statutory minimum. *See United States v. Acevedo-Fitz*, 739 F.3d 967, 970–71 (7th Cir. 2014). Thus, we agree with counsel that any appellate claim about the length of Hernandez's sentence would be frivolous.

The motion to withdraw is GRANTED, and the appeal is DISMISSED.