NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 4, 2014
Decided June 4, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-2957

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff–Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 13-10014-001 |
| ESTEBAN NAGASPACA-VENTURA, *Defendant–Appellant*. | James E. Shadid *Chief Judge.* |

**O R D E R**

Esteban Nagaspaca-Ventura, a Mexican national, was arrested in Illinois for driving under the influence and subsequently was charged with illegal reentry in violation of 8 U.S.C. § 1326(a). He pleaded guilty to the federal charge without a plea agreement and was sentenced to 24 months' imprisonment. Nagaspaca-Ventura filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. We invited Nagaspaca-Ventura to comment on counsel's motion, but he has not responded. *See* CIR. R. 51(b). Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel has

discussed. *See United States v. Bey*, — F.3d —, 2014 WL 1389090, at *2 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first assesses whether Nagaspaca-Ventura could challenge the voluntariness of his guilty plea but neglects to say whether he discussed this possibility with his client. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Counsel's omission does not require that we deny the *Anders* motion, though, because his discussion and our review of the record convince us that a challenge to the voluntariness of the plea would be frivolous. *See Konczak*, 683 F.3d at 349. Because Nagaspaca-Ventura did not move in the district court to withdraw his plea, we would review the plea colloquy for plain error. *See United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). Our review of the record reflects that the district court substantially complied with Federal Rule of Criminal Procedure 11: the court determined that Nagaspaca-Ventura's plea was voluntary, *see* FED. R. CRIM. P. 11(b)(2); identified the elements of the charged offense and the maximum possible penalties, and explained that Nagaspaca-Ventura's sentence would be based on the advisory guidelines and other "statutory sentencing factors," *see id.* 11(b)(1)(G), (H), (M). The court also explained, and Nagaspaca-Ventura said he understood, the rights he would lose by pleading guilty, including his right to a jury trial with the assistance of counsel. *See id.* 11(b)(1)(B), (C), (D), (E), (F). And the government proffered a factual basis for the crime, which Nagaspaca-Ventura confirmed as correct. *See id.* 11(b)(3). We note that the court did not warn Nagaspaca-Ventura that his statements under oath could subject him to perjury charges, *see* FED. R. CRIM. P. 11(b)(1)(A), but that omission was harmless because no prosecution for perjury is pending or contemplated. *See United States v. Blalock*, 321 F.3d 686, 689 (7th Cir. 2003); *United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996).

Counsel next considers whether Nagaspaca-Ventura could challenge the district court's imposition of an 8-level increase in his offense level for a prior conviction of a felony drug offense. *See* U.S.S.G. § 2L1.2(a), (b)(1)(B). We agree with counsel that this argument would be frivolous because Nagaspaca-Ventura previously had been removed after he was convicted in Illinois for delivery of cannabis. *See* § 2L1.2(b)(1)(B); *United States v. Gonzalez-Lara*, 702 F.3d 928, 931 (7th Cir. 2012).

Counsel next considers whether Nagaspaca-Ventura could challenge the district court's conclusion that he had eight criminal-history points, but properly rejects this argument as frivolous. At his change of plea hearing, Nagaspaca-Ventura admitted to his multiple prior sentences for entering and attempting to enter the United States

illegally. The court agreed with the probation officer that those convictions earned him five criminal-history points. *See* U.S.S.G. § 4A1.1(b), (c). He received another point for a sentence for driving under the influence, *see id.* § 4A1.1(c), and two additional points because he was on supervised release in October 2012 when he most recently reentered the country, *see id.* § 4A1.1(d). Nagaspaca-Ventura did not object to the court's findings.

Counsel lastly considers whether Nagaspaca-Ventura could challenge his sentence as unreasonable, but properly concludes that such a challenge would be frivolous. The 24-month term is within his guidelines range of 24 to 30 months and thus presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 341 (2007); *United States v. Pineda*, 743 F.3d 213, 219 (7th Cir. 2014). Counsel has not identified any reason to set aside that presumption, nor can we. The judge considered the relevant factors in 18 U.S.C. § 3553(a), including testimony from Nagaspaca-Ventura's wife about the couple's relationship and their children, his history of drug and alcohol use, and the difficulty of deterring him from illegally reentering the country. *See id.* § 3553(a)(1), (2).

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.