NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 21, 2015
Decided April 22, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-2133

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 12 CR 50065-1 |
| ROBERT T. ROACH, *Defendant-Appellant*. | Frederick J. Kapala, *Judge*. |

**O R D E R**

Police officers executing a search warrant at the home of Robert Roach found guns and 90 grams of crack cocaine. He pleaded guilty to possession with intent to distribute crack, 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1). The district court concluded that Roach is a career offender, *see* U.S.S.G. § 4B1.1(c)(3), and sentenced him to a total of 262 months' imprisonment, the bottom of the guidelines range. Roach's plea agreement includes a broad appeal waiver, but he still filed a notice of appeal. His appointed lawyer has concluded that the case is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Roach opposes counsel's motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses issues which an

appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects the lawyer discusses, plus the additional issues that Roach presents in opposition. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first considers whether Roach could challenge the adequacy of the plea colloquy or the voluntariness of his guilty pleas. But counsel neglects to say whether Roach wants his guilty pleas set aside. *See United States v. Konczak,* 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox,* 287 F.3d 667, 670–71 (7th Cir. 2002). And Roach himself is silent about this question in his Rule 51(b) response. Regardless, our own review of the record persuades us that a challenge would be frivolous. *See United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013); *Konczak,* 683 F.3d at 349. During the plea colloquy the district court substantially complied with Federal Rule of Criminal Procedure 11(b), which typically is enough to shield a guilty plea from challenge on direct appeal. *See United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003); *United States v. Akinsola*, 105 F.3d 331, 334 (7th Cir. 1997). The court advised Roach of his constitutional rights, the charges against him, and the minimum and maximum penalties; explained the appeal waiver in Roach's plea agreement; and found that his pleas were made voluntarily and supported by a satisfactory factual basis. *See* FED. R. CRIM. P. 11(b).

Roach's appellate lawyer also has evaluated the case for possible sentencing claims, but concludes that any claim would be foreclosed by Roach's appeal waiver. We agree. Although Roach identifies several disagreements with the district court's calculation of his guidelines imprisonment range, his broad appeal waiver prevents him from raising any of these objections on appeal. Appeal waivers stand or fall with the guilty plea, s*ee Zitt*, 714 F.3d at 515; *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011), and counsel has not identified any exception that would apply here, *see United States v. Adkins*, 743 F.3d 176, 192–93 (7th Cir. 2014); *United States v. Lucas*, 670 F.3d 784, 795–96 (7th Cir. 2012); *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005).

Appeal waivers are permissible and enforceable, *e.g., United States v. Hallahan*, 756 F.3d 962, 971 (7th Cir. 2014); *United States v. Suggs*, 374 F.3d 508, 519–20 (7th Cir. 2004), and Roach's belief that the Attorney General has directed federal prosecutors to stop incorporating appeal waivers into plea agreements is mistaken. What the Attorney General actually said is that federal prosecutors no longer should seek, as part of an appeal waiver, a defendant's promise to forego a claim of ineffective assistance of counsel. *See* OFFICE OF THE DEPUTY ATT'Y GEN., MEMORANDUM TO ALL FEDERAL

PROSECUTORS: DEP'T POLICY ON WAIVERS OF CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL (Oct. 14, 2014) *available at* http://www.justice.gov/sites/default/files/press-releases/attachments/2014/10/15/dept-policy-on-waivers-of-claims-of-ineffective-assistance-of-counsel.pdf. And for existing waivers that would bar a claim of ineffective assistance, the Attorney General has simply directed that the government should decline to enforce the waiver to block that claim. *Id.* The Attorney General's memorandum has no relevance to any potential issue identified either by counsel or Roach.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.