NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2017
Decided March 6, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-3186

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:15-CR-30153-SMY |
| MIGUEL VASQUEZ-TORRES, *Defendant-Appellant*. | Staci M. Yandle, *Judge*. |

**O R D E R**

Miguel Vasquez-Torres sexually abused his teenage stepdaughter for at least three years. He produced and electronically stored over 400 images of the abuse. Though he did not distribute those images over the internet, he electronically received and distributed a number of disturbing images and videos depicting the sexual abuse of *other* children, some as young as two years old. He pleaded guilty to one count of producing child pornography, 18 U.S.C. § 2251(a), one count of distributing child pornography, 18 U.S.C. § 2252A(a)(2)(B), and one count of receiving child pornography, 18 U.S.C. § 2252A(a)(2)(B). His guidelines imprisonment range for these crimes was a life sentence, but a statutory maximum penalty lowered the effective guidelines range to 840 months. As provided in the plea agreement, defense counsel argued for 360 months'

imprisonment while the government recommended a sentence of 480 months. The district court sentenced Vasquez-Torres to 540 months, above both recommendations but still far below the advisory guidelines range.

Although his plea agreement includes a broad appeal waiver, Vasquez-Torres filed a notice of appeal. His appointed attorney moves to withdraw on the ground that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Vasquez-Torres has not accepted our invitation to comment on counsel's motion. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears thorough, we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel tells us that Vasquez-Torres does not wish to challenge his guilty pleas and thus forgoes discussing the adequacy of the plea colloquy. *See* FED. R. CRIM. P. 11; *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). But counsel does not say that he *asked* Vasquez-Torres whether he wants to challenge the guilty pleas, only that Vasquez-Torres has "expressed no desire" to do so. *Konczak* explains that the burden is on counsel to consult with and advise the client about the risks and benefits of withdrawing a guilty plea; it is not the client's burden to ask. *Konczak*, 683 F.3d at 349. But the transcript of the plea colloquy demonstrates that the district court substantially complied with the requirements of Rule 11. So there is no basis for withdrawing the guilty plea as uninformed. *See United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013); *Konczak*, 683 F.3d at 349.

Despite the adequacy of the colloquy, counsel considers whether Vasquez-Torres might wish to challenge the validity of his guilty plea on the basis of ineffective assistance of counsel. Vasquez-Torres's wife and two stepdaughters submitted letters to the court before sentencing, expressing doubts about defense counsel's motivations and assistance. In response, the district court held a status conference to ask Vasquez-Torres if he shared his family's concerns. He told the court that he was satisfied with his counsel. Even if he was not, as counsel correctly notes, claims of ineffective assistance are best reserved for collateral review because the record is rarely developed sufficiently on direct appeal to substantiate the claim. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Flores*, 739 F.3d 337, 341 (7th Cir. 2014).

Because Vasquez-Torres has no non-frivolous ground for attacking the guilty plea on appeal, the appeal waiver contained in the plea agreement stands. *See United*

*States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013). With the appeal waiver intact, counsel rightly observes that, although Vasquez-Torres wishes to challenge the reasonableness of his sentence, the appeal waiver would foreclose this challenge. The appeal waiver grants Vasquez-Torres the right to attack his sentence only if the court imposed a sentence above the advisory guidelines range (or in several other circumstances irrelevant to this case). His sentence of 540 months actually falls far *below* the guidelines sentence of 840 months, though it is still higher than what both sides recommended. If Vasquez-Torres were able to press an appeal, we might question the length of his sentence given the fact that Vasquez-Torres (who is subject to an immigration detainer) will likely be removed from the U.S. after serving 45 years in prison. But because he has waived the right to appeal the reasonableness of his sentence, any discussion of the length of his sentence would be pointless.

Counsel has identified no other arguable issues that fall outside the valid appeal waiver, nor can we. Accordingly counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.