> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 13, 2019
Decided March 13, 2019

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-3393

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 18-CR-40018-JPG-1 |
| TIMOTHY O. MEADOWS, *Defendant-Appellant*. | J. Phil Gilbert, *Judge*. |

## O R D E R

Timothy Meadows pleaded guilty to one count of conspiracy to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and one count of distribution of methamphetamine, § 841(a)(1), (b)(1)(B). He was sentenced to 121 months' imprisonment and five years' supervised release. Meadows appeals, but his appointed lawyer asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). We invited Meadows to respond to counsel's motion, but he has not. *See* Cir. R. 51(b). Counsel's brief explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis appears thorough, we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel begins by exploring whether it would be frivolous to argue that Meadows's guilty plea was not knowing and voluntary. She does not say, however, whether she asked Meadows if he wants his guilty plea vacated, as she should have. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). That said, we need not reject counsel's submission because the transcript of the plea colloquy allows us to assess whether the judge substantially complied with the requirements of Federal Rule of Criminal Procedure 11. *See Konczak*, 683 F.3d at 349. Because Meadows did not move in the district court to withdraw his guilty plea, we would review the plea colloquy for plain error. *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013).

We see no plain error in the Rule 11 colloquy. The judge omitted some parts of the colloquy, *see* FED. R. CRIM. P. 11(b), but only two omissions are relevant to a possible appeal. First, the judge did not tell Meadows that he could persist in his not-guilty plea (Rule 11(b)(1)(B)). But Meadows initially pleaded not guilty, and the court entered that plea on his behalf. So when Meadows decided later to plead guilty, he had to have known that he could continue to plead not guilty. *See Knox*, 287 F.3d at 670. Second, the judge did not tell Meadows that his trial rights would be waived if the court accepted his guilty plea (Rule 11(b)(1)(F)). But the court explained to Meadows all of his trial rights, and Meadows then decided to plead guilty. We therefore would not find these omissions to be plain error because they did not make Meadows's guilty plea unknowing or involuntary, and they did not render his conviction unjust. *See Davenport*, 719 F.3d at 618. Challenging the validity of his plea would be pointless. *See Konczak*, 683 F.3d at 349.

Counsel next correctly concludes that Meadows could not bring a nonfrivolous argument that the district court procedurally erred in imposing the sentence. Counsel examines the two-level dangerous-weapon enhancement under U.S.S.G. § 2D1.1(b)(1), which the court applied because Meadows possessed a loaded crossbow during his drug-dealing offense. The court explained that it applied the enhancement because there was "no question that a loaded crossbow is a dangerous weapon," and it was not "improbable that the crossbow was used … during drug transactions." *See* U.S.S.G. § 2D1.1(b)(1) cmt. app. n. 11 (burden shifting framework where defendant must show clear improbability that he possessed weapon in connection with drug offense). The court based this conclusion on two facts. First, a government agent testified that a confidential informant told him that he saw Meadows with the crossbow during drug transactions. Second, agents found the loaded bow in Meadows's house. While

Meadows objected to the enhancement, he did not testify about his use of the crossbow, and counsel's argument at sentencing that Meadows used the crossbow only for target practice was not evidence. We therefore agree with counsel that challenging the basis for the district court's imposition of the two-level weapon enhancement would be frivolous. *See United States v. McCauley*, 659 F.3d 645, 652–53 (7th Cir. 2011).

Next, counsel rightly concludes that it would be frivolous to argue that the sentence was substantively unreasonable. The 121-month sentence was within the advisory guidelines range of 121 to 151 months, and we would presume the sentence to be reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Counsel has not identified anything that would overcome that presumption, nor have we. *See United States v. Melendez*, 819 F.3d 1006, 1014 (7th Cir. 2016). The district court considered Meadows's arguments in mitigation when fashioning the sentence—his disadvantaged childhood, alcoholism, and mental illness. It then examined the 18 U.S.C. § 3553(a) sentencing factors, including Meadows's background, criminal history, acceptance of responsibility, and the need to protect the public. Based on Meadows's mitigation arguments and the §3553(a) factors, the court reasonably sentenced him to the bottom of the guidelines range.

Finally, counsel queries whether Meadows could bring a nonfrivolous claim for ineffective assistance of counsel. Counsel properly observes, though, that such a claim would more appropriately be brought, if at all, through a motion under 28 U.S.C. § 2255, where a record can be made, rather than on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504–06 (2003); *United States v. Flores*, 739 F.3d 337, 341 (7th Cir. 2014) ("[I]t is imprudent to present an ineffective-assistance argument on direct appeal.").

We GRANT counsel's motion to withdraw and DISMISS the appeal.