**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 2, 2020
Decided April 2, 2020

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-2527

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana. |
| *v.* | No. 1:18CR00174-001 |
| DAWN ROCHON, *Defendant-Appellant*. | James R. Sweeney II, *Judge*. |

**O R D E R**

Dawn Rochon pleaded guilty to making an intentional, false statement when purchasing a firearm. *See* 18 U.S.C. § 922(a)(6). The district court sentenced her to 13 months' imprisonment—within the sentencing guidelines range of 10 to 16 months—and three years' supervised release. Rochon appeals, but her appointed attorney asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). We invited Rochon to identify potential issues for appeal, *see* CIR. R. 51(b), but she did not respond. Because counsel's brief adequately addresses the potential issues that an appeal of this kind might be expected to involve, we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Federal agents suspected that Rochon was a "straw purchaser" of guns. Between March 2016 and May 2017, she purchased at least four guns. Although she swore that she purchased the guns for herself, the agents believed that she really intended to resell them to prohibited purchasers, like felons. One of the guns, a Taurus model 9mm handgun, was recovered at the scene of the murder of Jacob Pickett, a deputy sheriff for Boone County, Indiana. When agents from the Bureau of Alcohol, Tobacco, Firearms, and Explosives reviewed the purchase form associated with the sale of that gun, they discovered that Rochon had falsely listed as her home address a residence that she had vacated two years prior. After further investigation, the agents learned that Rochon had used the same false address on the purchase forms for all four guns and that two of the other guns were also recovered at crime scenes.

The government filed charges related to all four gun purchases, and Rochon pleaded guilty to making a false statement that was "intended or likely to deceive [a gun dealer] with respect to [a] fact material to the lawfulness of the sale" of the Taurus model 9mm handgun 18 U.S.C. § 922(a)(6). Based on a presentence investigation report, to which Rochon did not object, the district court adopted a total offense level of 12 and criminal history category of I. This produced a guidelines range of 10 to 16 months' imprisonment. *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table). The court balanced Rochon's minor criminal history, responsibility to care for her five children, and current employment against the need to protect the public, promote respect for the law, and deter similar actions by others. It then imposed a sentence of 13 months' imprisonment, to be followed by three years' supervised release.

Counsel does not explore potential challenges to Rochon's guilty plea because "Rochon stated that she did not wish to attempt to withdraw" it. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Although counsel does not state expressly that she both consulted with Rochon and "provide[d] advice about the risks and benefits" of challenging the plea, as *Konczak* requires, 683 F.3d at 349, the oversight is harmless. As we are about to explain, from our review of the plea colloquy, we are satisfied that the district court complied with the requirements of Federal Rule of Criminal Procedure 11 to ensure that the plea was knowing and voluntary. So counsel's omission does not require that we deny the *Anders* motion. *See United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013).

In reviewing the plea colloquy, we note that in the district court Rochon did not move to withdraw her guilty plea, so we would review any challenge to the plea for plain error. *Id.* The sole omission from the colloquy was the advice that non-citizens

may be removed from the United States if convicted. *See* FED. R. CRIM. P. 11(b)(1)(O). That provision does not pertain to Rochon, however, because she is a United States citizen. Therefore, it did not affect her substantial rights and, likewise, could not amount to plain error. *See Davenport*, 719 F.3d at 618. Thus, any argument that Rochon's plea was invalid would be futile. *See Konczak*, 683 F.3d at 349.

On the issues addressed in counsel's brief, we agree with counsel's conclusion that the district court did not commit any procedural errors at sentencing because it correctly adopted the unobjected-to offense level and criminal-history score, accurately calculated the applicable guidelines range, and adequately discussed each relevant sentencing factor from 18 U.S.C. § 3553(a). *See United States v. Lockwood*, 840 F.3d 896, 900 (7th Cir. 2016). On that last point, the district court considered Rochon's arguments in mitigation: she provided a plausible explanation for her false statements (she used the out-of-date address because it matched her driver's license), she attested that she purchased the weapons to protect herself and her children from domestic violence and that all of the guns were stolen from her, she was far removed from the death of Deputy Pickett (she had no connection to his killer), and she has five dependent children. Nonetheless, the district court determined that other factors—especially the need to deter similar actions that might put more guns in the hands of violent criminals, *see* § 3553(a)(2)(B)—weighed in favor of a term of imprisonment, rather than the sentence of supervised release that Rochon requested.

Counsel also considers whether challenging the substantive reasonableness of Rochon's sentence would be frivolous and rightly concludes that it would be. A sentence within the guidelines range, like this one, is presumed reasonable. *See United States v. Clay*, 943 F.3d 805, 809 (7th Cir. 2019). The district court need only provide "a justification for its sentence adequate to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.* (quoting *United States v. Taylor*, 907 F.3d 1046, 1051 (7th Cir. 2018)). Given the court's discussion of the relevant sentencing factors already discussed, we agree with counsel that the district court sufficiently justified its sentence. Thus, Rochon would be unable to overcome the presumption of reasonableness or otherwise claim that the court failed to consider any arguments in favor of a lower sentence.

We thus GRANT the petition to withdraw and DISMISS the appeal.