In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-3358

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

HUBERT T. DAVENPORT,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Western Division.
No. 3:11-cr-50002-1—**Philip G. Reinhard**, *Judge.*

SUBMITTED APRIL 25, 2013—DECIDED MAY 22, 2013

Before CUDAHY, RIPPLE and HAMILTON, *Circuit Judges.*

PER CURIAM. Hubert Davenport decided to show off his gun to his friends at a bar one night. A bar employee observed him and called the police, and Mr. Davenport, a felon on probation, was arrested and charged with violating 18 U.S.C. § 922(g)(1). He pleaded guilty and was sentenced as an armed career criminal to 192 months' imprisonment. *See id.* § 924(e). Mr. Davenport then filed a notice of appeal, but his appointed lawyer

contends that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Mr. Davenport has not responded to counsel's submission. *See* Cir. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel begins by addressing whether Mr. Davenport could challenge his conviction. Although she neglects to say whether she complied with this court's requirement that she first ask him whether he wants his guilty plea set aside, *see United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002), this omission does not mean that we must deny the *Anders* motion. If the transcript of the plea colloquy shows that a challenge to the voluntariness of the plea would be frivolous, the motion may be granted. *See Konczak*, 683 F.3d at 349-50; *Schuh*, 289 F.3d at 974.

A challenge to the voluntariness of a guilty plea necessarily is frivolous if the district court substantially complied with Federal Rule of Criminal Procedure 11 when accepting the plea. *Konczak*, 683 F.3d at 349-50; *Schuh*, 289 F.3d at 974. And our review of Mr. Davenport's plea colloquy would be even more deferential—confined to a search for plain error—because he did not move in the district court to withdraw his guilty plea. *See United States v. Vonn*, 535 U.S. 55, 62-63 (2002); *United States v. Kilcrease*, 665 F.3d 924, 927 (7th Cir. 2012). An error is not plain unless it is obvious, affected the defendant's sub-

stantial rights and seriously undermined the fairness or integrity of the proceedings. *Vonn*, 535 U.S. at 62-63; *United States v. Corona-Gonzalez*, 628 F.3d 336, 340 (7th Cir. 2010); *United States v. Jumah*, 599 F.3d 799, 811 (7th Cir. 2010).

Mr. Davenport could not meet the stringent plain-error standard on the record before us. The district court ensured that he understood the charge against him, Fed. R. Civ. P. 11(b)(1), the penalties he faced (from 15 years to life in prison, a fine of up to $250,000, and up to 5 years of supervised release), *id.* at (H)-(M), and the various trial and appellate rights he was waiving by pleading guilty, *id.* at (B)-(F). The court's single omission from the list of waived rights was Davenport's right to testify if he went to trial, *id.* at (E), but such an oversight will not constitute plain error unless the error actually renders the defendant's conviction unjust. *United States v. Loutos*, 383 F.3d 615, 619 (7th Cir. 2004); *United States v. Driver*, 242 F.3d 767, 771 (7th Cir. 2001). In Mr. Davenport's case, the court's omission does not even arguably render his conviction unjust; the evidence of his guilt was overwhelming, and the right not mentioned during the colloquy is one commonly known to defendants. *See Driver*, 242 F.3d at 771. Moreover, Mr. Davenport was informed of his right to present witnesses if he went to trial, and nothing in the record suggests that he was unaware that he himself could be one of those witnesses. We thus agree with counsel that it would be frivolous for Mr. Davenport to challenge the voluntariness of his guilty plea. We note, however, that these kinds of omissions occur all

too frequently during plea colloquys, and we caution district courts to use more care. Not every omission will be harmless, and full compliance with Rule 11 is easily achieved.

Next counsel addresses whether Mr. Davenport could challenge his prison sentence but concludes that an appellate claim would be frivolous. The district court, counsel explains, correctly calculated Mr. Davenport's imprisonment range under the guidelines, applied the sentencing factors of 18 U.S.C. § 3553(a), and then sentenced Mr. Davenport to a within-guidelines sentence that is entitled to a presumption of reasonableness.

Again we agree with counsel's assessment. The district court calculated a guidelines imprisonment range of 188 to 235 months based on a total offense level of 31 and a criminal history category of VI, both of which are correct. The offense level reflects that Mr. Davenport, because he previously had been convicted of at least three violent felonies or serious drug offenses, is an armed career criminal, *see* 18 U.S.C. § 924(e)(1); U.S.S.G. § 4B1.4(b)(3)(B), and it also reflects that he accepted responsibility, which earned him a two-level reduction, *see id.* § 3E1.1(a). The criminal history category of VI is based on a correct calculation of 14 criminal history points. Two of those points were assessed because Mr. Davenport was on probation at the time of his arrest, U.S.S.G. § 4A1.1(d), and the others resulted from qualifying convictions for which he was sentenced within the time limits prescribed in § 4A1.1(e).

Mr. Davenport did object to the counting of one of his prior drug convictions under § 924(e) on the ground that

he had received a "restoration of rights" letter from the state regarding it. *See Buchmeier v. United States*, 581 F.3d 561, 565 (7th Cir. 2009) (en banc); *United States v. Vitrano*, 405 F.3d 506, 510 (7th Cir. 2005). The court concluded that Mr. Davenport's rights had not been fully restored because the letter did not restore his right to vote, *see United States v. Adams*, 698 F.3d 965, 967-68 (7th Cir. 2012); *United States v. Burnett*, 641 F.3d 894, 897 (7th Cir. 2011), but more importantly, the court recognized that Mr. Davenport had three qualifying convictions even without counting the questionable one. (While these particular convictions were too old to garner criminal history points, the Armed Career Criminal Act places no limit on the age of convictions. *See United States v. Foster*, 652 F.3d 776, 792-93 (7th Cir. 2011); *United States v. Wright*, 48 F.3d 254, 255-56 (7th Cir. 1995).)

The district court also adequately applied the sentencing factors of 18 U.S.C. § 3553(a). On one hand, the court explained, Mr. Davenport had not threatened anyone with his gun, had not been arrested for a felony since 2006 and had obtained letters from friends and family seeking leniency for him, but on the other hand, he has an extensive criminal history and engaged in conduct that must be deterred. The court thus decided on a prison sentence of 192 months, just four months above the bottom of the guidelines range and one year above the statutory minimum of 15 years set by § 924(e). Under these circumstances, Mr. Davenport would not be able to rebut the presumption of reasonableness to which a within-guidelines sentence is enti-

tled. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Baker*, 655 F.3d 677, 683 (7th Cir. 2011).

Accordingly, we grant counsel's motion to withdraw and dismiss the appeal.