**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2015
Decided March 20, 2015

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-2722

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 12-cr-10142 |
| OLLIE W. HOWELL, *Defendant-Appellant*. | Joe Billy McDade, *Judge*. |

**O R D E R**

Ollie Howell robbed three banks in Illinois during September 2012, two in Peoria (Heritage Bank and South Side Bank), and another in Aurora (Old Second National Bank). The following month he was charged by indictment with bank robbery, *see* 18 U.S.C. § 2113(a), but only for the South Side Bank robbery. He was not taken into custody in the Central District of Illinois, however, until after he was arrested in California in March 2013. A year after that Howell was charged by information with the other two robberies under a separate case number. Howell pleaded guilty to all three counts. In his plea agreement—covering all three pleas—Howell waived the right to appeal his convictions or sentence. The district court imposed 94 months' imprisonment on each count to be served concurrently.

Howell has filed a notice of appeal applicable only to the case charged by indictment (the South Side Bank robbery). His appointed lawyer asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California,* 386 U.S. 738 (1967). Counsel has submitted a brief that explains the nature of the case and addresses issues that an appeal of this kind might be expected to involve. We invited Howell to comment on counsel's submission, *see* CIR. R. 51(b), but Howell has not done so. Because the analysis in counsel's brief appears to be thorough, we limit our discussion to the issues identified in counsel's brief. *See United States v. Bey,* 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner,* 103 F.3d 551, 553 (7th Cir. 1996).

An appeal waiver stands or falls with the guilty plea, so Howell's waiver forecloses relief unless he can undermine his plea to the South Side Bank robbery. *See United States v. Gonzalez,* 765 F.3d 732, 741 (7th Cir. 2014); *United States v. Zitt,* 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Sakellarion,* 649 F.3d 634, 639 (7th Cir. 2011). Counsel does not tell us whether Howell seeks to have that guilty plea set aside, but that omission is harmless because the record reveals that the district court complied with Rule 11 of the Federal Rules of Criminal Procedure when accepting the plea, making an appeal frivolous. *See United States v. Davenport,* 719 F.3d 616, 617–18 (7th Cir. 2013); *United States v. Konczak,* 683 F.3d 348, 349 (7th Cir. 2012). The court explained the elements of the charge, the statutory maximum penalty (20 years, *see* 18 U.S.C. § 2113(a)), the role of the sentencing guidelines and the judge's discretion in applying them, the trial rights Howell was waiving by entering his guilty plea, and the nature of the appeal waiver to which he agreed. *See* FED. R. CRIM. P. 11(b)(1). The court also ensured that Howell's guilty plea was supported by an adequate factual basis and was made voluntarily. *See* FED. R. CRIM. P. 11(b)(2), (3). Indeed, the court recognized Howell's struggles with mental illness and received confirmation from Howell that he understood why he was in court and the nature of the proceeding, and that his medicine would not interfere with those understandings.

Accordingly, we GRANT counsel's motion and DISMISS the appeal.