| NONPRECEDENTIAL DISPOSITION |
| :---: |
| To be cited only in accordance with Fed. R. App. P. 32.1 |

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 4, 2017
Decided April 4, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 17-1570

| | |
| --- | --- |
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 15 CR 50043-1 |
| CRYSTAL S. JACKSON, | Frederick J. Kapala, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Crystal Jackson used other people's names and social security numbers to file false tax returns and then withdrew the refunds through debit cards that she fraudulently obtained in her victims' names. She pleaded guilty to one count of making a false claim to the government, 18 U.S.C. § 287, and one count of identity theft, *id.* § 1028(a)(7). The district court sentenced her to 51 months' imprisonment, the bottom of her guideline range, and 3 years' supervised release. Jackson filed a notice of appeal, but her appointed attorney has moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Jackson has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b).

Counsel's brief explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first considers whether Jackson could successfully challenge the voluntariness of her plea. Counsel says in her brief that Jackson asserts that she did not know her sentence would be based on relevant conduct beyond the two counts to which she pleaded guilty. (The grand jury had indicted her on forty-five counts of making false claims and three counts of identity theft.) Counsel, having confirmed that Jackson wishes to withdraw her plea, properly considers the issue. *See United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Because Jackson did not move to withdraw her plea in the district court, we would review the record only for plain error. *See United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013).

We agree with counsel that it would be frivolous for Jackson to argue that her guilty plea was not voluntary, as the district court complied with Federal Rule of Criminal Procedure 11. *See Davenport*, 719 F.3d at 618. In particular, the court advised Jackson that it "must consider relevant conduct, which may include conduct for which you may not have been charged," to which Jackson responded that she understood. The court referred again to relevant conduct when Jackson objected to part of the government's factual basis for her plea: the court explained that the government would seek to prove the disputed facts at sentencing "to establish relevant conduct or conduct that's not part of the actual charge but is connected with the charge and which may convince me that you should get a higher sentence." Jackson again replied that she understood this explanation, and her sworn statements in the plea colloquy are presumed true. *See United States v. Graf*, 827 F.3d 581, 584 (7th Cir. 2016).

Counsel next considers whether Jackson could contest her sentence, but counsel identifies no possible error and neither can we. The court correctly calculated Jackson's guideline range of 51 to 63 months based on a total offense level of 22 and a criminal history category of III. Jackson's 51-month sentence was at the bottom of that range, so it is presumptively reasonable. *See United States v. Cunningham*, 883 F.3d 690, 701 (7th Cir. 2018).

Counsel questions whether Jackson could argue that the district court erred in denying her an offense-level reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. Jackson had argued at sentencing that she deserved a sentence reduction

because she had pleaded guilty shortly after being arrested. The court did not think that she had presented the kind of "extraordinary case[]" that justifies a sentence reduction for a person who has obstructed justice, *see id.* § 3E1.1 n.4. (Jackson had received a two-level increase for obstruction of justice because she had cut off her electronic ankle monitor while on pretrial release, failed to appear for a court hearing, and absconded for seven months before she was re-arrested.) Given this context, counsel rightly concludes that it would be pointless to contend on appeal that the court clearly erred in its analysis. *See United States v. Cisneros*, 846 F.3d 972, 977 (7th Cir. 2017).

Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.