> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 17, 2018
Decided October 22, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 18-1413

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, New Albany Division. |
| *v.* | |
| | No. 4:17-cr-00018-TWP-VTW |
| WAYNE D. BROWN, *Defendant-Appellant.* | Tanya Walton Pratt, *Judge.* |

**O R D E R**

Wayne Brown pleaded guilty to one count of possessing child pornography, a crime that subjected him to a sentence between 10 and 20 years because he had a prior, related conviction. See 18 U.S.C. § 2252(a)(4)(B), (b)(2). He was sentenced to 135 months' imprisonment and ten years' supervised release. In his plea agreement he waived his right to appeal (including his right to challenge the conditions of supervised release) if he was sentenced below 169 months' imprisonment, as he was. Brown has nonetheless appealed. His appointed lawyer asserts that the appeal is frivolous and seeks to withdraw. See *Anders v. California*, 386 U.S. 738 (1967). We invited Brown to respond to counsel's motion, but he has not. See CIR. R. 51(b). Counsel's brief explains the nature of

the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis appears thorough, we limit our review to the subjects that counsel discusses. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first tells us that he "met and communicated with Mr. Brown," and because Brown has not "expressed his desire to withdraw his guilty plea," counsel does not explore the voluntariness of the plea. But counsel does not say whether he advised Brown about the risks and benefits of withdrawing his plea, and Brown's acquiescence in his plea is dispositive in the *Anders* context *if* he has received such advice. See *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Counsel's oversight is harmless, however, because the district judge substantially complied with FED. R. CRIM. P. 11, so a challenge to the validity of Brown's plea would be pointless. See *Konczak*, 683 F.3d at 349. Because Brown did not move in the district court to withdraw his guilty plea, we would review his plea colloquy for plain error. *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). But no error is evident. The district court ensured that Brown understood: the government's right to use any statement that he gave under oath against him, FED. R. CIV. P. 11(b)(1)(A), the trial and appellate rights that he was waiving by pleading guilty, *id.* at (B)–(F), the nature of the charge against him, *id.* at (G), the penalties that he faced, *id.* at (H)–(M), and the terms of the plea agreement under which he waived his right to appeal or collaterally attack his sentence. *Id.* at (N).

Counsel next questions whether, despite the appeal waiver, Brown could challenge as unreasonable his 10-year term of supervised release and the condition prohibiting his use and consumption of alcohol. But we agree with counsel that the waiver would render that challenge frivolous. An appeal waiver stands or falls with the guilty plea of which the waiver is a part. *United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011). We enforce the waiver if its terms are unambiguous and the defendant knowingly and voluntarily entered into it. See *United States v. Jemison*, 237 F.3d 911, 917 (7th Cir. 2001); *United States v. Woolley*, 123 F.3d 627, 632 (7th Cir. 1997). Brown's agreement is unambiguous: in particular, he waived his right to appeal "all provisions of the guilty plea and sentence imposed, including the length and conditions [of] supervised release." And as we have already said, the district judge's Rule 11 colloquy shows that Brown knowingly and voluntarily entered into the agreement. Counsel has identified no exception to the waiver that would apply here. See *United States v. Adkins*, 743 F.3d 176, 192–93 (7th Cir. 2014). Specifically, Brown's sentence does not exceed a statutory maximum,

see 18 U.S.C. § 2252(b)(2), and the district judge did not rely on any unconstitutional factor when sentencing him.

We GRANT counsel's motion to withdraw and DISMISS the appeal.