> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 21, 2020
Decided January 21, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 19-1236

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>    *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 17-CR-160 |
| RONALD H. VAN DEN HEUVEL, <br>    *Defendant-Appellant*. | William C. Griesbach, <br> *Judge*. |

**O R D E R**

Ronald Van Den Heuvel pleaded guilty to one count of wire fraud. *See* 18 U.S.C. §§ 1343, 1349. He received a sentence of 90 months in prison, below the recommended guidelines range of 108 to 135 months and the 20-year statutory maximum. He also was sentenced to three years' supervised release and ordered to pay restitution of about $9.5 million. In his plea agreement, he waived his right to appeal both his conviction and sentence, but he has nonetheless appealed. His appointed lawyer asserts that Van Den Heuvel no longer wishes to pursue the appeal; Van Den Heuvel has not, however, submitted his consent to a voluntary dismissal. Counsel therefore moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), stating that the appeal is frivolous. Van Den Heuvel has not responded. *See* CIR. R. 51(b). Because

Van Den Heuvel told counsel that he does not want his guilty plea set aside, counsel correctly forgoes discussion of possible challenges to the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). But counsel does discuss whether Van Den Heuvel could challenge his sentence and whether the government breached the plea agreement. We limit our review to these questions because counsel's brief explains the nature of this case and addresses the types of issues that we would expect an appeal of this sort to involve. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first questions whether, despite the appeal waiver, Van Den Heuvel could challenge his terms of imprisonment and supervised release, the restitution order, or the supervised-release conditions. An appeal waiver stands or falls with the guilty plea of which the waiver is a part. *United States v. Zitt*, 714 F.3d 511, 515 (7th Cir. 2013); *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011). We enforce a waiver where its terms are unambiguous and the defendant knowingly and voluntarily entered it. *See United States v. Jemison*, 237 F.3d 911, 917 (7th Cir. 2001); *United States v. Woolley*, 123 F.3d 627, 632 (7th Cir. 1997). As we already observed, Van Den Heuvel does not seek to undermine his guilty plea, and his written plea agreement unambiguously waives his right to appeal "any term of imprisonment, term of supervised release, term of probation, supervised release condition, fine, forfeiture order, and restitution order." Moreover, the plea colloquy shows that Van Den Heuvel understood this waiver provision and voluntarily accepted it: after the judge reviewed it with him and asked if he understood it, he answered, "Yes, your honor." *See* FED. R. CRIM. P. 11; *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). Finally, the record contains no basis for not enforcing the waiver, such as a sentence in excess of the statutory maximum or based on an impermissible factor like race. *See Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Accordingly, the waiver would render frivolous any appellate challenges to Van Den Heuvel's sentence.

Counsel also rightly concludes that Van Den Heuvel could not plausibly argue that the government breached the plea agreement at sentencing. The government agreed to recommend a 90-month term of imprisonment in the plea agreement, and it did not deviate from this provision at the sentencing hearing. When Van Den Heuvel argued for an even lower term of imprisonment, the government responded that he deserved a longer sentence—of 90 months. That response was permissible, for "[s]trong advocacy in favor of the maximum sentence contemplated by a plea agreement does not constitute a breach." *United States v. Lewis*, 842 F.3d 467, 475 (7th Cir. 2016). And

because 90 months' imprisonment is exactly what Van Den Heuvel received, any argument that the government breached the plea agreement would be frivolous. *See United States v. Davis*, 761 F.3d 713, 716 (7th Cir. 2014) (concluding no material breach because government advocated for, and defendant received, sentence recommended in plea agreement).

We GRANT counsel's motion to withdraw and DISMISS the appeal.