**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 12, 2021
Decided April 12, 2021

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2340

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:19CR68-001 |
| TYRONE PERRY, *Defendant-Appellant*. | Philip P. Simon, *Judge*. |

**O R D E R**

Tyrone Perry sold cocaine and heroin to a confidential informant on four separate occasions. A grand jury charged him with four counts of distributing a controlled substance, 21 U.S.C. § 841(a)(1), and one count of possessing a firearm as a felon, 18 U.S.C. § 922(g)(1). Perry pleaded guilty to one count of distributing heroin and cocaine, and his plea agreement included a broad waiver of his right to appeal his conviction and sentence "on any ground" other than ineffective assistance of counsel. The district court sentenced Perry, a career offender, to a below-guidelines sentence of 108 months' imprisonment.

Perry appealed, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Perry has not responded to counsel's motion. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses the potential issues that an appeal of this kind might involve. Because the analysis appears thorough, we limit our review to the subjects that she discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel confirmed that Perry wishes to contest his guilty plea on appeal, so she first considers whether he could raise any nonfrivolous argument that he did not enter the plea knowingly and voluntarily. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). Because Perry did not move to withdraw his guilty plea in the district court, we would review any appellate challenge to its validity for plain error. *See United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). Counsel concludes, and we agree, that the district court complied with the requirements of Federal Rule of Criminal Procedure 11 during the plea colloquy, so any challenge on these grounds would be pointless. Of particular relevance here, the court ensured at length that Perry understood that a defendant has a right to an appeal, and that he was expressly waiving that right in his plea agreement. S*ee United States v. Gonzalez*, 765 F.3d 732, 741 (7th Cir. 2014).

Counsel next considers whether Perry could contest his sentence, but correctly concludes that his appeal waiver would foreclose any challenge. Because an "appeal waiver stands or falls with the guilty plea," our conclusion that it would be frivolous to challenge the plea dooms a challenge to the validity of the waiver. *See id.* And counsel rightly rejects any argument that an exception to the appeal waiver's enforceability could apply. *See United States v. Campbell*, 813 F.3d 1016, 1018 (7th Cir. 2016). As counsel explains, Perry's 108-month sentence falls far below the statutory maximum of 20 years, *see* 21 U.S.C. § 841(b)(1)(C), and the record confirms that the district court did not rely on a constitutionally impermissible factor such as race when issuing the sentence. *See Campbell*, 813 F.3d at 1018. Therefore, in a direct appeal, we could not entertain any argument, including sentencing challenges, other than the one specifically exempted from the appeal waiver: ineffective assistance of counsel.

On that issue, counsel explains that Perry wishes to argue that his trial attorney was ineffective for failing to object to information in his presentence investigation report and for giving erroneous advice about his plea hearing. But, as counsel points out, this claim would require evidence outside the record and therefore should be brought under 28 U.S.C. § 2255 rather than through a direct appeal. *See Massaro v.*

*United States*, 538 U.S. 500, 508–09 (2003); *United States v. Cates*, 950 F.3d 453, 457 (7th Cir. 2020).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.