**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 10, 2022
Decided March 17, 2022

**Before**

DIANE P. WOOD, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-2429

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:17-CR-00600(1) |
| FRANK JORDAN *Defendant-Appellant*. | Harry D. Leinenweber, *Judge*. |

**O R D E R**

For his role in a scheme to defraud the federal Supplemental Nutrition Assistance Program ("SNAP"), Frank Jordan pleaded guilty to mail fraud. *See* 18 U.S.C. § 1341. He was sentenced to 24 months' imprisonment and 3 years' supervised release and ordered to pay $1,696,651 in restitution. He appeals, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's brief explains the nature of the case and addresses potential issues that an appeal of this kind would involve. Because counsel's analysis appears thorough, and Jordan has not responded with potential issues for appeal, *see* CIR. R.

51(b), we limit our review to the issues counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Jordan and his partners in the fraud scheme operated grocery stores in Chicago. Because they had been previously disqualified as program retailers, they submitted to the United States Department of Agriculture falsified applications for authorization to accept SNAP benefits, administered in Illinois through pre-loaded debit cards known as Link cards. Once the stores were authorized, Jordan violated USDA regulations by allowing customers to buy ineligible items—like cigarettes—with their Link cards, and to exchange benefits for cash at a premium.

Jordan was indicted on seven counts of wire and mail fraud and making false statements. Without an agreement with the government, Jordan pleaded guilty to one count of mail fraud, supported by a plea declaration detailing his criminal conduct.

The presentence investigation report calculated a range of 57 to 71 months' imprisonment under the Sentencing Guidelines, based on a criminal history category of I and a total offense level of 25. Jordan raised two objections to the offense level. First, he argued that a proposed 4-level increase for his leadership role should be only 2 levels because the scheme involved only four participants rather than the six identified in the PSR. *See* U.S.S.G. § 3B1.1. Second, Jordan challenged a 16-level increase based on the government's calculation of an actual loss of $2,635,110. *See* U.S.S.G. § 2B1.1(b)(1)(I). That calculation, using the methodology of *United States v. Hussein*, 664 F.3d 155, 160 (7th Cir. 2011), took the total amount of SNAP benefit redemptions minus the estimated monthly SNAP-eligible sales during the scheme, on the assumption that the difference between the estimate of legitimate sales and the actual redemptions reflects the amount of the fraud. But Jordan believed this formula improperly included some legitimate sales in the loss amount. Instead, he proposed a 14-level increase based on a loss amount of $1,244,984, *see* U.S.S.G. § 2B1.1(b)(1)(H), applying the exchange rate at which he converted SNAP benefits into cash to his estimate of sales during the relevant period.

The court rejected Jordan's arguments and adopted the PSR's sentencing range of 57 to 71 months, but it sentenced Jordan to a below-guidelines sentence of 24 months. Jordan was also ordered to pay $2,635,110 in restitution to the USDA based on the loss calculation, though the court later reduced the amount to $1,696,651 so that it would not exceed what was ordered for a cooperating codefendant.

Counsel begins by evaluating the validity of the guilty plea without informing us whether he had the required consultation with Jordan about whether he wants to withdraw the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). But, to the extent that Jordan would raise such a challenge, we agree with counsel that Jordan could not raise any nonfrivolous arguments. Jordan did not move to withdraw his plea in the district court, and so we would review the plea colloquy for plain error. *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). Here, the court complied with the requirements of Rule 11 of the Federal Rules of Criminal Procedure and ensured the plea was knowing and voluntary. *See* FED. R. CRIM P. 11(b). Further, the plea declaration provides that Jordan "understands and voluntarily accepts each and every term" of the plea, including the rights waived, and he affirmed its terms, and the factual basis for the plea, under oath at the plea hearing. Thus, counsel is correct that any challenge on that basis would be frivolous.

Turning to potential sentencing arguments, counsel next considers a challenge to the calculation of the loss amount for the purpose of determining Jordan's offense level under U.S.S.G. § 2B1.1(b)(1). We would review this calculation for clear error and, to reverse, require a showing that it was "inaccurate and outside the realm of permissible computations." *United States v. Kennedy*, 726 F.3d 968, 974 (7th Cir. 2013) (internal quotation marks and citations omitted). One permissible method of calculating the loss amount for SNAP benefits fraud is to subtract the legitimate SNAP-eligible sales from the total amount of SNAP benefit redemptions at a given location. *Hussein*, 664 F.3d at 160. When precise evidence of legitimate sales is unavailable, a court may rely on the estimate of monthly eligible sales in the application to accept SNAP benefits. *Id.*

Here, the district court adopted the PSR's loss calculation of $2,635,110, which was based on the total SNAP benefit redemptions less the estimated legitimate SNAP benefit sales. As counsel explains, the district court permissibly rejected Jordan's argument for a lower amount calculated using the scheme's exchange rate of cash for benefits, in favor of the formula we approved in *Hussein*. Jordan did not have any authority for his alternative method and did not dispute the estimate of legitimate sales, so the loss calculation could not be found clearly erroneous.

Counsel does not identify any other potential procedural errors in the prison sentence or supervised release. The district court addressed the arguments in mitigation, applied the sentencing factors under 18 U.S.C. § 3553(a), and explained the sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Thus, counsel next discusses whether Jordan could challenge the substantive reasonableness of the sentence.

Counsel concludes that it would be frivolous to argue that the 24-month prison sentence is unreasonable. The sentence falls below the properly calculated guidelines range, and so it would be presumed reasonable on appeal. *See United States v. Wehrle*, 985 F.3d 549, 557 (7th Cir. 2021). Nothing in the record could rebut that presumption. The court adequately justified the sentence using the statutory sentencing factors, considering the need to deter SNAP benefit fraud and the seriousness of the offense— which, the court concluded, was overstated by the guidelines. *See* 18 U.S.C. § 3553(a)(2)(A)–(B). And it expressly considered Jordan's mitigating arguments involving his health and level of responsibility for the scheme. Thus, we agree with counsel that it would be frivolous to argue that the sentence is too high. The same is true for the within-guidelines term of supervised release.

Counsel also contemplates contesting the district court's calculation of the amount of restitution, which we would review for plain error because it was not challenged in the district court. *See United States v. Fennell*, 925 F.3d 358, 361 (7th Cir. 2019). Restitution is based on actual loss, *see Kennedy*, 726 F.3d at 973, and the district court appropriately calculated, and the evidence supports, an actual loss of $2,635,110. And the court ultimately imposed a below-loss restitution of $1,696,651 to avoid a disparity with Jordan's codefendant.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.