**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 4, 2022
Decided April 8, 2022

**Before**

WILLIAM J. BAUER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-3398

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:19-CR-00223(1) |
| SANTIAGO VILLA, *Defendant-Appellant*. | Robert W. Gettleman, *Judge*. |

**O R D E R**

A police officer watching through an observational camera saw Santiago Villa holding a gun. When other officers approached him, he fled and was arrested. In court, Villa waived his right to an attorney, pleaded guilty to possessing a firearm as a felon, 18 U.S.C. § 922(g), and was sentenced to time served—about 22 months—in prison and 3 years' supervised release. Villa filed a notice of appeal, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Villa has filed a response suggesting he wants to challenge the denial of his motion to suppress, an issue his plea agreement reserved. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses the potential issues that an appeal of this kind might involve. Because the analysis in counsel's brief appears

thorough, we limit our review to the subjects that counsel and Villa discuss.
*See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

In assessing the potential issues for appeal, counsel states that she attempted to
consult with Villa, but he "steadfastly refused," and thus she does not know if he
wishes to withdraw his guilty plea. Counsel's brief errs on the side of considering
whether he could seek to withdraw his plea, and she correctly determines that any such
argument would be frivolous. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir.
2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Because Villa did not move to withdraw his plea in the district court, we would
review any attempt to do so only for plain error. *United States v. Davenport*, 719 F.3d 616,
618 (7th Cir. 2013). But such an argument would necessarily fail because the plea
hearing substantially complied with Rule 11 of the Federal Rules of Criminal Procedure.
*Id.* Counsel notes that the court did not inform Villa of his right to counsel. FED. R. CRIM.
P. 11(b)(1)(D). But she properly concludes that this omission is immaterial because Villa
had already been informed of the right, waived it, and chose to proceed pro se.
*See United States v. Vonn*, 535 U.S. 55, 75 (2002).

Counsel next considers whether the district court erred in accepting that waiver
of counsel, or by denying Villa's sudden request, at a sentencing hearing, to retain
counsel. Villa had a Sixth Amendment right to represent himself if he intelligently made
that choice. *United States v. Volpentesta*, 727 F.3d 666, 676 (7th Cir. 2013). And the court
appropriately concluded after two colloquies and a competency hearing that Villa's
choice was knowing and voluntary. The court, among other things, discussed Villa's
history of representing himself, confirmed Villa understood the charges and the risks of
forgoing a lawyer, and reviewed a doctor's report about Villa's competency. It would be
frivolous to argue that the court erred in accepting Villa's waiver after this careful
investigation. *See id.* at 677–78. And it would be equally pointless to insist that the court
erred by rejecting Villa's attempt to rescind his knowing waiver and to hire a lawyer
more than 20 months into the case, on the day he was to be sentenced. *See United States
v. Harrington*, 814 F.3d 896, 900–01 (7th Cir. 2016).

Villa's guilty plea preserved his right to appeal the denial of a motion to
suppress the evidence from his arrest, but any argument that the district court erred
would be frivolous. In his response to counsel's motion to withdraw, Villa argues that
the officers were not justified in stopping him after they saw his gun through the
camera because, he says, merely possessing a gun is not illegal in Illinois. But, as
counsel points out, Villa was not only observed carrying a gun, but also fled from

officers when they approached; his "headlong flight" alone provided the officers reasonable suspicion to stop him. *United States v. Wilson*, 963 F.3d 701, 704 (7th Cir. 2020) (quoting *Illinois v. Wardlow*, 528 U.S. 119, 124 (2000)). Although Villa argued in the district court that he never fled, he could not overcome the deference we would give to the court's credibility findings in favor of the officers who testified otherwise. *United States v. Freeman*, 691 F.3d 893, 900 (7th Cir. 2012).

Counsel also weighs whether the police department's failure to preserve the recording of Villa holding the gun could persuade this court that the motion to suppress should have been successful. But the record does not suggest that this lost recording was exculpatory, and Villa did not offer evidence that the police acted in bad faith, so this, too, would be a pointless challenge. *See Arizona v. Youngblood*, 488 U.S. 51, 57–58 (1988); *United States v. Holly*, 940 F.3d 995, 1001–02 (7th Cir. 2019).

Counsel next considers, and rejects, possible challenges Villa could make to his sentence to time served after spending a bit over 22 months in federal custody. The district court calculated an offense level of 12, determined Villa's criminal history category was III, and considered the sentencing factors under 18 U.S.C. § 3553(a), finding that Villa had a history of gun-related offenses and that his crime posed a threat to the community. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Villa's plea agreement suggested he had a criminal history category of II, but the parties agreed that calculation was preliminary and non-binding. Further review revealed that the agreement had omitted a point for a juvenile conviction that raised his criminal history category to III. *See* U.S.S.G. § 4A1.2(d)(2)(B). In the end, the court correctly calculated that Villa's guidelines range was 15 to 21 months' imprisonment. It would be frivolous to challenge this calculation, or the substantive reasonableness of a sentence to time served.

Finally, we agree with counsel that any argument challenging the term or conditions of supervised release would be frivolous. Villa's crime was a Class C felony, so three years' supervision was permitted, *see* 18 U.S.C. § 3583(b)(2), and this term was undoubtedly reasonable considering the court's § 3553(a) findings. *See United States v. Clark*, 906 F.3d 667, 672 (7th Cir. 2018). The court further tailored the conditions to this case, removing a provision requiring Villa find a job when he was already employed, as well as a substance-abuse treatment program that the court deemed unnecessary. Although the court imposed a condition to which Villa's stand-by counsel objected (requiring that Villa undergo evaluation for potential sex-offender treatment), Villa expressly consented to that condition before the court imposed it. This waiver would

doom any appellate argument to lift the condition. *See United States v. Flores*, 929 F.3d 443, 448 (7th Cir. 2019).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.