NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 20, 2022
Decided July 20, 2022

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2831

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:19CR00374-001 |
| JAMES BRISCOE,<br>*Defendant-Appellant*. | Tanya Walton Pratt,<br>*Chief Judge*. |

**O R D E R**

James Briscoe supplied methamphetamine to a web of drug dealers in Indiana. He pleaded guilty to conspiring to possess with intent to distribute, and distributing, 500 grams or more of methamphetamine, as well as unlawfully using a communication facility to facilitate his crimes. 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 843(b), 846. The district court sentenced Briscoe to 276 months in prison, plus 10 years of supervised release. Briscoe filed a notice of appeal, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Briscoe has not responded to the motion. *See* CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses the potential issues that an appeal of this kind might

involve. Because the analysis in the brief appears thorough, we limit our review to the subjects that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Counsel first informs us that she consulted with Briscoe about the potential risks of challenging his plea, and that he wishes to do so regardless. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). But she properly concludes that any potential challenge to Briscoe's unconditional guilty plea would be frivolous. Because Briscoe did not move in the district court to withdraw his plea, we would review such an argument now only for plain error. *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). This sort of challenge would necessarily fail here because the plea hearing substantially complied with Rule 11 of the Federal Rules of Criminal Procedure. *Id.* In a thorough colloquy, Briscoe confirmed with the court his competency and desire to plead guilty without an agreement, reviewed the rights he would forgo by doing so, and acknowledged the potential penalties associated with his offenses. *See* FED. R. CRIM. P. 11(b). Then, Briscoe addressed the court and agreed that the government's summary of his interactions with co-conspirators and their movement of methamphetamine was accurate. These sworn statements are presumed to be true, *United States v. Graf*, 827 F.3d 581, 584 (7th Cir. 2016), and would foreclose any attempt to withdraw the plea on appeal.

Next, counsel considers, and rejects, potential challenges to Briscoe's sentence. As counsel explains, Briscoe's base offense level was correctly calculated at 36 because he admitted at the plea colloquy that he distributed between 1.5 and 4.5 kilograms of methamphetamine. U.S.S.G. § 2D1.1(a)(5), (c)(2). Likewise, we would find no error with Briscoe's total offense level of 35, which the court based on a two-level firearms enhancement and a three-level reduction for acceptance of responsibility. *See* U.S.S.G. §§ 2D1.1(b)(1), 3E1.1(a)–(b). Although Briscoe denied possessing a firearm himself, he did not dispute that he and his co-conspirators discussed their use of guns for protection and to collect debts on numerous occasions during their drug conspiracy, and this evidence of his knowledge alone would suffice. *See* U.S.S.G. § 1B1.3(a)(1)(B); *United States v. Ramirez*, 783 F.3d 687, 690–91 (7th Cir. 2015).

Counsel further contemplates disputing Briscoe's status as a career offender, and the resulting criminal history category of VI, but she recognizes (as did counsel in the district court) that any such challenge is squarely foreclosed by our precedent and therefore frivolous. We have interpreted the term "controlled substance offense," U.S.S.G. § 4B1.2(b), to include prior state convictions—like Briscoe's Indiana conviction for dealing in cocaine—that criminalize substances that are not controlled federally.

*See United States v. Ruth*, 966 F.3d 642, 654 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 1239 (2021). And we have consistently rejected invitations to revisit this decision and adopt the narrower interpretation used in some other circuits. *See, e.g.*, *United States v. Wallace*, 991 F.3d 810, 817 & n.3 (7th Cir.), *cert. denied*, 142 S. Ct. 362 (2021). Based on this career-offender designation, the district court correctly calculated the resulting guidelines range to be 292 to 365 months' imprisonment.

Finally, counsel rightly sees no point in renewing Briscoe's final preserved argument on appeal. He asked the district court to vary from the guidelines range as a policy matter, asserting that the purity of the methamphetamine he distributed "is not an accurate indicator of culpability." But we never require a court to deviate from the Guidelines for policy reasons, though it may do so in its discretion. *See United States v. Bostock*, 910 F.3d 348, 350 (7th Cir. 2018). The court otherwise appropriately considered the mitigating factors of Briscoe's unstable childhood, mental health and substance abuse struggles, his educational efforts, and his family support in fashioning its ultimate sentence of 276 months' imprisonment. *See* 18 U.S.C. § 3553(a). The resulting sentence was 16 months lower than the bottom of Briscoe's guidelines range, and we agree with counsel that nothing in the record could rebut the presumption that this below-guidelines sentence was substantively reasonable. *See United States v. Fitzpatrick*, 32 F.4th 644, 651 (7th Cir. 2022).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.