NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 2, 2022
Decided September 2, 2022

**Before**

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 21-2731

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:21-CR-00015-001 |
| KEVIN WOODEN, *Defendant-Appellant*. | Jane Magnus-Stinson, *Judge*. |

**O R D E R**

Kevin Wooden pleaded guilty to one count of possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), and the district court sentenced him to 84 months' imprisonment and two years' supervised release. Wooden appeals, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). We notified Wooden of the motion, *see* CIR. R. 51(b), and he submitted a letter addressing one issue also raised in counsel's brief. Because counsel's analysis appears thorough, we limit our review to the subjects that she and Wooden raise. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Police in Indianapolis received a complaint in December 2020 that Wooden, a felon, had punched and strangled a woman, then fired a gun near her, warning her that he could shoot her next. The following day, a police officer who was aware of the complaint witnessed Wooden violate several traffic laws, pulled him over, smelled marijuana in his car, and conducted a search, which revealed a gun in the car.

Wooden pleaded guilty to possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1). In the presentence investigation report (PSR), the probation officer set Wooden's base offense level at 24 because he had two previous felony convictions—one for a crime of violence (robbery) and one for a controlled-substance offense (dealing marijuana). U.S.S.G. § 2K2.1(a)(2). The officer added two levels because the gun was stolen, U.S.S.G. § 2K2.1(b)(4)(A), and four levels because Wooden possessed the gun in connection with another felony (intimidation of the woman), U.S.S.G. § 2K2.1(b)(6)(B). The probation officer then decreased the offense level by three for acceptance of responsibility, U.S.S.G. § 3E1.1(a)–(b), for a total offense level of 27. Finally, the probation officer calculated a criminal history score of 11, putting him in category V.

Wooden's counsel objected to three parts of the PSR guidelines calculation. First, counsel argued that the base level should not be based on two previous felony convictions, because the prison term for Wooden's prior controlled-substance offense of dealing marijuana was zero days. Second, counsel objected to the inclusion of a 1999 conviction (for possessing cocaine) in the criminal history score because Wooden told counsel that this "case" was "finalized" in 2005, leading counsel to suggest that the conviction was too old to count in the score. Third, counsel argued that insufficient evidence supported the four-level enhancement for using the firearm during another felony.

A combined plea and sentencing hearing came next. The court accepted Wooden's plea after conducting a colloquy under Rule 11 of the Federal Rules of Criminal Procedure. It then addressed Wooden's objections to the PSR. The base level of 24 was sound, the court ruled, because the length of Wooden's prison term for dealing marijuana was irrelevant to the fact that he was convicted of a controlled-substance offense. Regarding the 1999 cocaine conviction, the court overruled Wooden's objection after Wooden's counsel conceded during the hearing that (despite his earlier objection) the conviction "would still count" toward the criminal history. Finally, based on the government's submission of evidence of the use of the gun to intimidate the woman the

day before his arrest, Wooden withdrew his objection to the four-level enhancement for use of a firearm in connection with another felony.

The court sentenced Wooden to 84 months in prison and two years of supervised release. It ruled that his offense level was 27 and his criminal history category was V. This would normally yield a guidelines range of 120 to 150 months in prison, U.S.S.G. Ch. 5, Pt. A (sentencing table), but the range became 120 months in prison because that term was the statutory maximum for the offense, *see* 18 U.S.C. § 924(a)(2); U.S.S.G. § 5G1.1(c). Although the court had overruled the objection regarding the zero-day prison term, it nonetheless thought the guidelines range "overstate[d]" the seriousness of Wooden's earlier offense, and it noted that the range without that controlled-substance conviction would be 84 to 105 months in prison. The court then weighed the sentencing factors under 18 U.S.C. § 3553(a). Those factors included Wooden's history (a "childhood with the family predisposition to addiction"), his characteristics (pursuit of a career in cosmetology), and the need for adequate deterrence (given his history of probation violations). Balancing those factors, the court decided that a sentence of 84 months in prison was appropriate.

Counsel informs us that Wooden wishes to challenge his guilty plea, *see United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012), but rightly concludes that such a challenge would be frivolous. Because Wooden did not move to withdraw his plea in the district court, we would review the acceptance of the plea only for plain error. *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). And this record reveals no such error. The only potential error counsel identifies is that the district court did not ask whether Wooden's plea "result[ed] from force." FED. R. CRIM. P. 11(b)(2). But the court asked if Wooden had received any promises, assurances, or threats, and if he was pleading guilty "of his own free will"; these questions substantially comply with Rule 11. *See Konczak*, 683 F.3d at 349.

Counsel next considers whether Wooden could plausibly contest the calculation of the guidelines range of imprisonment based on his objections at sentencing, and again correctly determines that he cannot. In calculating a base offense level of 24, the court correctly overruled Wooden's objection based on the sentence of zero days because a conviction counts toward the offense level "regardless of the actual sentence imposed." *See* U.S.S.G. § 2K2.1 n.1. As for the criminal history category, Wooden conceded at the sentencing hearing that his 1999 cocaine conviction "would still count" for the criminal history. This concession is a waiver that precludes appellate review. *See United States v. Flores*, 929 F.3d 443, 447 (7th Cir. 2019). (The concession appears well

founded, given that Wooden's probation for this offense was revoked, and his reincarceration did not end until 2008, rendering the conviction applicable in the criminal history score. *See* U.S.S.G. § 4A1.2(e), (k).) In his Rule 51(b) letter, Wooden focuses on the sentencing enhancement for possessing the firearm in connection with the felony of intimidation. But he waived that objection when his counsel withdrew it in the district court, again preventing review. *Flores*, 929 F.3d at 447.

Finally, counsel considers whether Wooden's sentence is substantively unreasonable. A below-guidelines sentence is presumed not unreasonably severe, *United States v. Patel*, 921 F.3d 663, 672 (7th Cir. 2019), and counsel is correct that nothing in the record would arguably rebut this presumption. After correctly noting that the guidelines range was 120 months (the statutory maximum), the court adequately explained that it would vary below the range because it considered the range unduly enhanced by Wooden's marijuana-dealing conviction that led to no prison time. *See Peugh v. United States*, 569 U.S. 530, 536–37 (2013). The court then reasonably weighed the relevant factors under 18 U.S.C. § 3553(a) to reach the permissible sentence of 84 months' imprisonment and two years' supervised release.

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.