**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 17, 2022
Decided October 25, 2022

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-2885

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Indiana, Evansville Division. |
| *v.* | No. 3:18CR00042-001 |
| THEODIS COLLIER, *Defendant-Appellant.* | Richard L. Young, *Judge.* |

**O R D E R**

Theodis Collier pleaded guilty without a plea agreement to one count of conspiring to distribute and distributing methamphetamine, and one count of witness tampering. The district court sentenced him to 360 months in prison and five years of supervised release. Collier appeals, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw. See *Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief explains the nature of the case and addresses potential issues that an

appeal of this kind might involve. Because counsel's brief appears thorough, and Collier has not responded to the motion, see CIR. R. 51(b), we limit our review to the potential issues discussed in the brief. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

In July 2018, a grand jury in the Southern District of Indiana charged that Collier and four co-defendants conspired to distribute, and to possess with the intent to distribute, 500 grams or more of methamphetamine. 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A). Months later, United States Marshals arrested Collier in Utah, and he was transported to the Southern District of Indiana for prosecution.

In February 2019, while awaiting trial, Collier directed one of his co-defendants to write a letter stating that Collier had nothing to do with the drug conspiracy. In recorded telephone and video calls from jail, Collier instructed her what to write word-for-word. When the co-defendant hesitated, Collier made intimidating and threatening statements, suggesting that she would be the target of violent assaults in prison if she were labeled a "rat." When she supplied a letter, Collier submitted it to the district court along with a motion to dismiss the charges against him. The co-defendant admitted at her sentencing hearing that Collier had intimidated her into writing the letter and that its contents were untrue. The government then filed a superseding indictment against Collier, adding Count Two, a charge of witness tampering, 18 U.S.C. § 1512(b)(1).

A jury trial commenced in July 2021, and on its second day, Collier notified the court that he wanted to plead guilty to both counts of the superseding indictment. The district court held a change-of-plea hearing, during which it conducted a colloquy under Rule 11 of the Federal Rules of Criminal Procedure. The court admonished Collier of the possible consequences of his guilty pleas, including the potential maximum sentence and fine for each count of conviction. Under oath, Collier stated that he understood the accusations against him, the government's burden of proof for each charge, and the possible terms of imprisonment and supervised release. The court accepted Collier's guilty pleas, concluding that they were voluntary and supported by an adequate factual basis. See Fed. R. Crim. P. 11(b)(2)–(3).

In the presentence investigation report (PSR), a probation officer calculated a total offense level of 42 under the Sentencing Guidelines. This included a two-level adjustment for Collier's role as an organizer of the conspiracy and another two-level increase for his intimidation of a witness. See U.S.S.G. §§ 2D1.1(c)(1), 3B1.1, 2D1.1(b)(16)(D). The PSR recommended against an adjustment for acceptance of responsibility because Collier had denied involvement in drug trafficking and

proceeded to trial. The officer calculated a criminal history category of V based on Collier's 11 criminal history points. The result was a guidelines range of 360 months to life in prison, as well as five years of supervised release. See U.S.S.G. § 5D1.2(a)(1).

At the sentencing hearing, the district court adopted the PSR's findings regarding the offense conduct. Specifically, Collier had facilitated the transportation of large quantities of methamphetamine from California to southern Indiana and western Kentucky, he was a member of the Piru Blood gang and used violence and intimidation to further the operation, he instructed others to travel across the country to ensure he received payments, and he sent armed men to the home of a co-defendant from whom law enforcement had seized drug money. Collier did not object to the guidelines calculations—including his ineligibility for a reduction for acceptance of responsibility— and agreed to the court's description of the facts, but he asked for a sentence commensurate with what two co-defendants had received: 140 months in prison and five years' supervised release.

The court discussed the sentencing factors. See 18 U.S.C. § 3553(a). It noted Collier's adult criminal convictions for theft, involuntary manslaughter, domestic violence, driving with a revoked or suspended license, driving while under the influence of alcohol, and various drug-possession offenses. Further, Collier committed the current offense while on supervised release for a state conviction. The court also discussed mitigating factors such as the murder of Collier's father at a young age, his upbringing in foster care, his limited education, and some medical issues.

After weighing these factors, the court sentenced Collier to 360 months' imprisonment for Count One and 240 months for Count Two, to be served concurrently for a total of 360 months, the low end of the guidelines range. The court noted that supervised release was statutorily required for Count One, and it imposed five years of supervised release for Count One and three years for Count Two, to run concurrently. Last, the court imposed a fine of $5,000. The court noted that Collier's co-defendants who received 140-month sentences did not have criminal histories as extensive as his, that their conduct did not include threats of violence among their co-defendants, and that they were not leaders in the conspiracy.

In the *Anders* brief, counsel does not consider a challenge to the guilty pleas. See *United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). Counsel represents that, as *Konczak* requires, he consulted with Collier about the risks of contesting his guilty pleas—specifically, "losing the 3-level Guideline reduction for acceptance of

responsibility"—and Collier instructed counsel not to challenge the guilty pleas. But Collier did not receive such a reduction. Because of counsel's inaccurate reference to a 3-level reduction, we cannot be confident that a meaningful consultation, based on accurate information, occurred before Collier decided against challenging his pleas. *Id*. Without such a consultation, counsel should not forgo discussion of the issue.

Regardless, based on our review of the Rule 11 plea colloquy, we conclude that any challenge to the guilty pleas would be frivolous. Collier did not try to withdraw his pleas in the district court, and so we would review the acceptance of the pleas only for plain error. See *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). The change-of-plea hearing transcript reflects that the district court thoroughly complied with the requirements of Rule 11. See Fed. R. Crim. P. 11(b)(1). The court determined that Collier understood the nature of the charges against him, that he was waiving his rights to continuing his jury trial, and the maximum statutory penalties for each offense. Under oath, Collier confirmed his understanding of the proceedings and that he was satisfied with his counsel's representation. The court ensured that the pleas were supported by an independent factual basis: the lead investigator was called to testify about Collier's criminal conduct, after which Collier agreed that the testimony accurately described his role. And at multiple points the court confirmed that Collier was in the appropriate state of mind and was pleading guilty voluntarily. See Fed. R. Crim. P. 11(b)(2)–(3).

Regarding the sentence, counsel considers whether Collier could raise any nonfrivolous procedural challenge, but correctly concludes that he could not. The district court accepted the sentencing calculations in the PSR to which Collier did not object—meaning we would review only for plain error. *United States v. Seals*, 813 F.3d 1038, 1045 (7th Cir. 2016). Counsel can identify no potential error in the guidelines calculations, including the upward adjustments to Collier's offense level, which were based on facts that Collier also did not contest. And we agree with counsel that the record does not reflect any other potential procedural errors. See *Gall v. United States*, 552 U.S. 38, 50–51 (2007).

Next, counsel discusses the substantive reasonableness of the sentence. We would presume on appeal that Collier's sentence, which falls within a properly calculated guidelines range, is reasonable. *United States v. Patel*, 921 F.3d 663, 672 (7th Cir. 2019). Counsel rightly concludes that Collier could not rebut that presumption because of the court's careful weighing of the factors under 18 U.S.C. § 3553(a). See *id*. The court considered the aggravating circumstances of Collier's offense conduct and criminal history and reasonably weighed them against the mitigating factors of his

difficult childhood, limited education, and health conditions to arrive at the sentence. See 18 U.S.C. § 3553(a). The court also explained the unequal sentences of Collier and his co-defendants, referring to their cooperation, more minimal roles in the conspiracy, willingness to testify, and lack of violent conduct. And the imposition of a guidelines sentence helped ensure that disparities in the sentences among co-defendants were not unwarranted. *United States v. Statham*, 581 F.3d 548, 556 (7th Cir. 2009).

As for supervised release, we agree with counsel that contesting any conditions on direct appeal would be frivolous. The court provided Collier with the proposed conditions of supervised release, and at the sentencing hearing, Collier affirmatively stated that he had no objections. As counsel concludes, this waived any appellate challenge to the conditions of supervision. *United States v. Flores*, 929 F.3d 443, 449 (7th Cir. 2019).

Finally, we agree with counsel that Collier cannot raise a nonfrivolous challenge to the fine. The guidelines require a fine unless the defendant demonstrates that he cannot pay any amount at the time of sentencing or in the foreseeable future. See *United States v. Lee*, 950 F.3d 439, 444–45 (7th Cir. 2020). In Collier's case, the guidelines allowed for a fine of $50,000 to $10,000,000. See U.S.S.G. § 5E1.2(c)(3), (4). Because of his indigent status, the court imposed a reduced fine of $5,000. And as counsel correctly notes, Collier did not object to the fine or the court's explanation for the amount.

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.